IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this            day of                  ,  2021   upon   consideration   of

Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23), and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and judgment is

entered in favor of Plaintiff and against Defendant in an amount to be determined in trial.

For the convenience of the Parties and witnesses and in the interest of justice, jurisdiction

of this action is retained for the determination of damages.

**BY THE COURT:**

_____
JOSEPH F. LEESON, JR.
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## PLAINTIFF MATTHEW REYNOLDS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Matthew Reynolds hereby moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law in Support, Statement of Undisputed Material Facts, and exhibits thereto, the contents of which are incorporated by reference herein as if set forth in full.

As described more fully below, Defendant's termination of Plaintiff was motivated not only by a callous indifference to Plaintiff's statutory rights, but was in utter disregard of same. Defendant carried out a plan to penalize Plaintiff because he availed himself of the benefits conferred by the PMMA. The impunity with which the Defendant acted is demonstrated by the fact that it wreaked retribution on the first occasion in which it had the opportunity to do so.

Because there are no genuine disputes of material fact precluding the entrance of judgment, Plaintiff requests that this Honorable Court enter the attached order granting his Motion for Partial Summary Judgment and retain jurisdiction over this matter for the determination of damages.

**LAW OFFICE OF STEVEN T. AUERBACH**

By: _____
Steven T. Auerbach, Esq.

822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com


*Attorney for Plaintiff*

Dated: August 19, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## MATTHEW REYNOLD'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

**LAW OFFICE OF STEVEN T. AUERBACH**

Filed on behalf of Plaintiff:
MATTHEW REYNOLDS

Attorney of Record for this Party:
Steven Auerbach, Esquire
Law Office of Steven T. Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
Ph:  (215) 964-4410
Fax: (610) 667-7305
Auerbach.Steven@gmail.com
Pa. I.D. #317309

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION…………………………………………………………………… 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ………………………… 2

    a.  Factual Background …………………...……..…..……..……...……..……....... 2

QUESTION PRESENTED …………………………………………...…………… 4

SUMMARY OF ARGUMENT ……………………………………………………… 4

LEGAL STANDARD ……………………………………………………....……… 4

    a.  Jurisdiction and Standard of Review …………………………….……………… 4

    b.  Procedural History ……………………………………….…..…….....…………… 6

    c.  The PMMA-- Generally ………………………………………….……..………… 7

    d.  Elements of a Prima Facie PMMA Claim …………………………………....…… 7

        1.  The Plaintiff is a Medical Marijuana Patient at the Time of His Termination ...… 8

        2.  The Plaintiff Suffered an Adverse Employment Action …………….…...…....… 8

        3.  Causal Connection ……………………………….…...….....……………… 9

    e.  The PMMA's Two Exclusive Statutory Defenses ………………….......….…………… 9

        1.  Available Only if the Plaintiff has a Blood Content of More Than 10 Nanograms of Active THC Per Milliliter of Blood in Serum while Working …………….... 10

        2.  Available Only if the Plaintiff is Under the Influence of Medical Marijuana while Working ……………………………………………………….......…..… 10

PLAINTIFF MATTHEW REYNOLDS' CLAIMS ……………………….…………..…..…..... 11

    f.  Plaintiff Matthew Reynolds Has Demonstrated a Prima Facie PMMA Claim ……....… 11

    g.  Defendant Willert is Unable to Maintain § 510(2),(3),(4) Defenses ………….............. 11

h.  Defendant Willert is Unable to Maintain § 510(1)(i),(ii) Defenses ………….........….… 11

   1.  Willert's Drug Screen Does Not Show Any Amount of Active THC ……......... 11

   2.  Plaintiff did not operate or control high voltage electricity …………….......... 12

CONCLUSION ……………………………………………………………….....……... 12

CERTIFICATE OF COMPLIANCE ……………………………………………….......… 14

CERTIFICATE OF NON-CONCURRENCE ……………………………………….......... 15

COUNSEL'S CERTIFICATION ………………………………………………............ 16

CERTIFICATE OF SERVICE …………………………………………...…....….…........ 17

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ……………………………..………....………….............. 5

*Berckeley Invest. Group, Ltd. v. Colkitt*,
259 F.3d 135 (3d Cir. 2001) …………………………………………..…… 12

*Big Apple BMW, Inc. v. BMW of N. Am. Inc.*,
974 F.2d 1358 (3d Cir. 1992) ……………………..…………………………… 6

*Briggs v. Temple Univ.*,
PICS Case No. 16-248 (E.D. Pa. 2018) ………………….......………………… 9

*Carvalho-Grevious v. Del. State Univ.*,
851 F.3d 249 (3d Cir. 2017) ……………….…………………………....…… 9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) …………….………………………...…..…………… 5, 6

*Commonwealth v. Handley*,
213 A.3d 1030 (Pa. Super. 2019) ……………………………………………… 7

*Commonwealth v. Jezzi*,
208 A.3d 1105 (Pa. Super. 2019) …………….………..………………………… 7

*Crumpton v. Potter*,
305 F. Supp. 2d 465 (E.D. Pa. 2004) …………………………………………… 9

**Dondero v. Lower Milford Twp.**,
**PICS Case No. 217-cv-04370 (E.D. Pa. 2019)(Leeson, J.) ……………………..……… 5**

*Farrell v. Planters Lifesavers Co.*,
206 F.3d 271 (3d Cir. 2000) ……………………….…………………….….. 9

*Fasold v. Justice*,
409 F.3d 178 (3d Cir. 2005) ……………………….………………………… 9

*Galeone v. American Packaging Corp.*,
764 F. Supp. 349 (E.D. Pa. 1991) ……………………….…………………… 6

*Gass v. 52nd Judicial Dist.*,
236 A.3d 706 (Pa. June 18, 2020) ……………………….…..……………… 7

*Gutting v. Falstaff Brewing Corp.*,
    710 F.2d 1309 (8th Cir. 1983) ………………………………………………... 6

*Harter v. G.A.F. Corp.*,
    967 F.2d 846 (3d Cir. 1992) …………………………………………..……. 6

*Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*,
    PICS No. 20-01621 (E.D. Pa. September 25, 2020) …………….…………..…... 8

*In re Beyer*,
    115 A.3d 835 (Pa. 2015) …………………………………………….….... 12

*Laidacker v. Berwick Offray, LLC.*,
    2020 WL 3410881(Pa. Com. Pl. Columbia Cnty. January 2, 2020) ………..…..…... 8, 10

*Lawrence v. City of Phila.*,
    527 F.3d 299 (3d Cir. 2008) …………………………………….……………. 12

*Lubin v. American Packaging Corp.*,
    760 F. Supp. 450 (E.D. Pa. 1991) …………………..……………………….... 6

*Marcellus Shale Coal. v. Dep't of Envtl. Prot. of Pa.*,
    193 A.3d 447 (Pa. Commw. Ct. 2018) ……………….……..……..…………… 12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ………………………………………..………….…...…. 5

*Petroski v. Lee*,
    PICS Case No. 20-2112 (E.D. Pa. 2020) ………………………………..………… 9

*Scranton Quincy Clinic Co. v. Palmiter*,
    2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021) …………..….………. 8, 11

*Shellenberger v. Summit Bancorp, Inc.*,
    318 F.3d 183 (3d Cir. 2003) ……………………..…………………………… 9

*Simpson v. Kay Jewelers*,
    142 F.3d 639 (3d Cir. 1998) …………………………………………………… 9

*SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*,
    162 A.3d 353 (Pa. 2017) ………………………………………………..…… 12

*Tielle v. The Nutrition Group*,
    PICS Case No. 19-2873 (3d Cir. 2020) ………………………..……………… 9

*Turner v. Schering-Plough Corp.*,
    901 F.2d 335 (3d Cir. 1990) …………………..…...……………..………..……..……..…... 5

*United States v. Jackson*,
    388 F. Supp. 3d 505 (E.D. Pa. 2019) ……………….………………………..………... 7

**Rules**

Fed. R. Civ. P. 56 …………………………….………….………….……….……...… *passim*

**Treatises**

O'Connor's Federal Rules Civil Trials (2021) …………………..……………………….…..…... 6

**Statutes**

28 U.S.C. § 1332(a),(1) ……………………………………...….………..…...………… *passim*

the Pennsylvania Medical Marijana Act, 35 P.S. § 10231 *et seq* ("PMMA") ……………. *passim*

Act of June 30, 2021, P.L. 210, No. 44 *et seq* ("PMMA Omnibus Amendments") ……..… *passim*

**United States Constitution**

U.S. Const. amend. VII ………………….……………………………….……………….…….… 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF MATTHEW REYNOLDS'**
**MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.      Introduction**

This is an employment discrimination case filed by Plaintiff Matthew Reynolds against his former employer Willert Manufacturing Company, LLC ("Willert" or "Defendant") to remedy violations of civil rights as secured by the Pennsylvania Medical Marijana Act, 35 P.S. § 10231 *et seq* ("PMMA").

On November 5, 2020, Plaintiff, a Pennsylvania Medical Marijuana Patient, was fired because his drug screen stated "D-THC-Marijuana **Metabolite** 50/15 - Positive." There are no allegations that Plaintiff was "high" on the job or that he was, at any relevant time, suffering residual effects of his off-duty medical marijuana use. During his brief employment with Willert, Plaintiff had not been disciplined, coached, or had any negative performance evaluations from which a reasonable jury could find a non-discriminatory motivation for this termination.

In short, Willert used Plaintiff's positive drug screen as an opportunity to callously disregard its obligations not only to individuals who are certified to use medical marijuana, but to all individuals who use prescribed medication to treat anxiety.

Because there are no material facts in dispute concerning Plaintiff's sole wrongful termination claim (Count I), Plaintiff respectfully requests that this Court enter judgment in his favor and against Willert.

## II.      Statement of Undisputed Material Facts

Pursuant to this Court's Policies and Procedures, Plaintiff has filed a Statement of Undisputed Material Facts and supporting Exhibits ("SUMF") contemporaneous with this Memorandum. Plaintiff incorporates the SUMF as if set forth fully herein.

### a.   Factual Background

Plaintiff Matthew Reynolds suffers from severe anxiety disorder. (Pl's SUMF ¶ 2).

In order to manage the symptoms of this condition, and upon the recommendation of his doctor and approval from the Pennsylvania Department of Health, Plaintiff became a medical marijuana patient. (Pl's SUMF ¶ 3).

Upon receipt of his Patient Identification Card, Plaintiff began purchasing medical marijuana exclusively from Pennsylvania dispensaries. At all times relevant hereto, Plaintiff was in possession of his Patient Identification Card while he possessed marijuana, he kept his marijuana in the original container in which it was dispensed, and he consumed it exclusively on non-working hours and in a matter not-inconsistent with the PMMA. (Pl's SUMF ¶¶ 4-5).

On October 15, 2020, Plaintiff was offered the position of maintenance manager with Defendant Willert at its Douglasville, Pennsylvania location. (Pl's SUMF ¶ 6). Plaintiff's duties as maintenance manager included overseeing the repairs, installations, and upkeep of various machines and equipment, and to supervise technicians on all shifts. (Pl's SUMF ¶ 9). As an overtime-exempt employee, Plaintiff was told that this position was "not to turn a wrench, but to manage the people who would turn the wrenches." (Pl's SUMF ¶ 10).

This position did not require Plaintiff to be licensed to operate or control high-voltage electricity or hold a journeyman's certificate. (Pl's SUMF ¶¶ 12-13). It did not require Plaintiff be provided with tools and equipment necessary to safely operate or control high voltage electricity such as thermography equipment, infrared thermometers, arc flash suits, rated screwdrivers, rated gloves, or high-voltage circuit breaker disconnecting poles. (Pl's SUMF ¶ 14).

The undersigned anticipates that Defendant will characterize its Douglasville location as a production facility that contains chemicals and equipment marked "danger high-voltage electricity."

At no point, however, was Plaintiff expected to mix, process, operate, or control these chemicals. (Pl's SUMF ¶¶ 11, 17). Additionally, and notwithstanding the signs to the contrary, the above-referenced equipment was not 'high-voltage electricity' within the meaning of the PMMA as it was not in excess of 115,000 volts. All higher-voltage equipment at this facility was maintained by non-Willert employees. (Pl's SUMF ¶ 15).

On the date of hire, Plaintiff was informed that he would be subjected to a drug screen. (Pl's SUMF ¶ 20). For reasons still unclear, Plaintiff was not subjected to this screen until October 28, 2020. (Pl's SUMF ¶ 21). In the intervening time between his hire and drug screen, Plaintiff had not been disciplined, coached, or had any negative performance evaluations.(Pl's SUMF ¶ 8).

On October 28, 2020, Plaintiff reported for the drug screen as directed, disclosed that he was a medical marijuana patient, and presented his Patient Identification Card. On November 5, 2020, Plaintiff's manager, Jack Bonsky, informed Plaintiff that he was being terminated because

he had not passed the drug screen. Plaintiff then asked Mr. Bonsky to reconsider this decision because he was a medical marijuana patient, but to no avail. (Pl's SUMF ¶¶ 21, 24-25, 28).

Consequently, Plaintiff was without employment from November 5, 2020 until the last week of June 2021.(Pl's SUMF ¶ 29).

## QUESTION PRESENTED

1. **Should this Honorable Court grant Plaintiff's Motion for Partial Summary Judgment when there is no dispute that Plaintiff was terminated because of the presence of THC in his system and the Defendant is unable to properly assert statutorily-available defenses?**

Suggested Answer: Yes.

## SUMMARY OF ARGUMENT

Plaintiff, a medical marijuana patient, was terminated because marijuana was detected on his drug screen. Consequently, Plaintiff was punished because he availed himself of the benefits conferred by the PMMA.

Because Defendant does not alledge (and is not able to prove) that Plaintiff was "under the influence" of marijuana while working for the Defendant, it may not raise the statutory defenses listed in PMMA § 510(2),(3),(4).

Because Defendant is without evidence that Plaintiff had a "blood content of more than 10 Nanograms of **Active** THC per milliliter of blood in serum" (as opposed to merely the presence of a metabolite) and/or because Defendant is without evidence that Plaintiff operated or controlled high-voltage electricity or chemicals, it may not raise the statutory defenses listed in PMMA § 510(1)(i),(ii).

## III.   Legal Argument

### a.   Jurisdiction and Standard of Review

This Court has jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332(a),(1) because it arises as a dispute between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Plaintiff's Motion for Partial Summary Judgment is governed by the well-established standard for judgment set forth in Fed. R. Civ. P. 56, and as amplified by this Court's recent decision in *Dondero v. Lower Milford Twp.*, PICS Case No. 217-cv-04370 (E.D. Pa. December 23, 2019) (Leeson, J.)

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 257, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*Celotex*, 477 U.S. at 323; *see also*, *Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. Denied*, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

  b. **Procedural History**

  On February 4, 2021, Plaintiff filed a Complaint against Defendant in the Berks County Court of Common Pleas. A true and correct copy of the Complaint is attached hereto as Exhibit 1. On March 12, 2021, Defendant removed this matter to this Court (Doc. No. 1) and filed its Answer to the Complaint on March 19, 2021 (Doc. No. 3). Plaintiff made a Jury Demand[1] on March 22, 2021 (Doc. 5). On July 19, 2021, Plaintiff served Defendant with the Requests for Admission referenced in his Opposition to Defendant's Motion to Extend Discovery (Doc. No. 21). A true and correct copy of these Requests are attached hereto as Exhibit 2[2]. Despite a clear caution to the Defendant on the first page of these Requests which state, "**[Defendant's] response to these Requests for Admission is due by August 18, 2021. ALL UNANSWERED REQUESTS FOR ADMISSION WILL BE DEEMED ADMITTED[ ]**," Defendant failed to timely respond. As such, all Requests in Exhibit 2 have been admitted. O'Connor's Federal Rules pp. 674-675 Civil Trials (2021)(*Citing Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)).

---

[1] While no Pennsylvania court has addressed the availability of jury trials under the PMMA. This Court may assume, without deciding, that in actions in federal court for money damages pursuant to the PMMA, a plaintiff has an independent right, guaranteed by the Seventh Amendment of the United States Constitution, to a trial by jury. *See* Lubin v. American Packaging Corp., 760 F. Supp. 450 (E.D. Pa. 1991); Galeone v. American Packaging Corp., 764 F. Supp. 349 (E.D. Pa. 1991).

[2] Because Plaintiff anticipates a baseless assertion to the contrary, Plaintiff directs the Court's attention to its Certificate of Service and Proof of Mailing attached to this Exhibit.

By Order of Court, discovery closes on September 7, 2021 (Doc. No. 22). Plaintiff now moves for Partial Summary Judgment within the time specified in the original Scheduling Order.

**c.      The PMMA-- Generally**

The PMMA provides a controlled program for lawful access to medical marijuana under specific circumstances and criteria for special medical needs. *Commonwealth v. Jezzi*, 208 A.3d 1105, 1115 (Pa. Super. 2019); *see also Commonwealth v. Handley*, 213 A.3d 1030, 1040-41 (Pa. Super. 2019)(same); *Gass v. 52nd Judicial Dist.*, No. 118 MM 2019, 236 A.3d 706 (Pa. June 18, 2020)(same); *see also United States v. Jackson*, 388 F. Supp. 3d 505, 508 (E.D. Pa. 2019)(same).

The PMMA was enacted in 2016 and amended on June 30, 2021. To be eligible for medical marijuana under the Act as retroactively amended, a "patient" must have one of eighteen enumerated "serious medical conditions," which include, *inter alia* , cancer, epilepsy, and glaucoma. *Id.* § 10231.103. On July 20, 2019, and pursuant to 35 P.S. § 1023.1201(j)(5)(ii) and 1023.1202, anxiety disorders were recognized as "serious medical conditions" qualifying individuals for the use of medical marijuana upon proper certification. (Pl's SUMF ¶ 30).

The PMMA also requires a "patient" to "receive[ ] certification from a practitioner," to acquire the marijuana from an approved dispensary, and to be "in possession of a valid identification card issued by" the Pennsylvania Department of Health at any time they are in possession of medical marijuana. *Id.* § 10231.303. *United States v. Jackson*, 388 F. Supp. 3d 505, 508-9 (E.D. Pa. 2019).

**d.      Elements of a Prima Facie PMMA Claim**

The PMMA prohibits discrimination against an employee where the action in question is taken on the basis of such employee's status as an individual who is certified to use medical marijuana. PMMA § 2103(b)(1).

To date, no Pennsylvania court has identified the elements necessary for maintaining a prima facie PMMA claim. Instead, courts have focused the weight of their attention on determining the viability of private rights of action under this Act[3]. *See Scranton Quincy Clinic Co. v. Palmiter*, 2021 Pa. Super 155, 2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021)(finding a private right of action); *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881(Pa. Com. Pl. Columbia Cnty. January 2, 2020)(same) *see also*, *Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*, PICS No. 20-01621 (E.D. Pa. September 25, 2020)(same).

As a matter of first impression, Plaintiff submits for this Court's consideration and adoption the following suggested elements and defenses of a PMMA claim.

### 1. The Plaintiff is a Medical Marijuana Patient at the Time of His Termination.

Axiomatically, a plaintiff asserting a wrongful discharge claim under the PMMA must be a medical marijuana patient at the time of the adverse employment action. *See Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*, PICS No. 20-01621 (E.D. Pa. September 25, 2020)(Defendant argues in its pending Motion for Summary Judgment that Hudnell's Patient Identification Card had expired at the time of her termination which renders her outside of PMMA protections). To meet this burden, Plaintiff must prove that he 1) has a "serious medical condition" as defined by the PMMA; 2) has met the requirements for certification under the Act; and 3) is a resident of Pennsylvania. PMMA § 103.

This burden is satisfied by the Plaintiff's production of a true and correct copy of his state-issued Patient Identification Card.

### 2. The Plaintiff Suffered an Adverse Employment Action.

Next, a plaintiff must make a showing that he suffered an adverse employment action defined by, "discharge, threat[s], [failure] to hire or otherwise discriminate or retaliate against an

---

[3] Willert does not challenge the assertion that the PMMA provides individuals with private rights of action.

employee regarding an employee's compensation, terms, conditions, location or privileges[.]" PMMA § 2103(b)(1).

### 3. Causal Connection.

Finally, a plaintiff must causally-connect the adverse employment action to his status as an individual certified to use medical marijuana. PMMA § 2103(b)(1). Absent direct discriminatory statements, causation for PMMA violations may be demonstrated through the familiar analytical framework used in Title VII, PHRA, and PFPO statutory discrimination/retaliation claims: 1) an unusually-suggestive temporal proximity of two days to three months between the employer's final verification of the employee's status as a medical marijuana patient and ensuing termination[4]; 2) an employer's implausible, inconsistent, incoherent, or contradictory explanation for the termination[5]; 3) non-isolated patterns of antagonism against the medical marijuana patient[6]; or 4) similarly-situated persons outside of the protected class being treated more favorably than the medical marijuana patient[7]. *Tielle v. The Nutrition Group*, PICS Case No. 19-2873 (3d Cir. 2020).

### e. Statutory Defenses

After a plaintiff has put forth a prima facie case, the burden of production and proof shifts to the defendant to put forth a defense enumerated in PMMA § 510(1)(i),(ii) or in PMMA § 510(2),(3),(4). These sections set forth the exclusive list of non-discriminatory exceptions to the

---

[4] *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000)(2-day separation); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003)(10-day separation if accompanied by other evidence); *Petroski v. Lee*, PICS Case No. 20-2112 (E.D. Pa. 2020)(1-month separation); *Briggs v. Temple Univ.*, PICS Case No. 16-248 (E.D. Pa. 2018)(1-month separation); *Fasold v. Justice*, 409 F.3d 178, 190 (3d Cir. 2005)(3-month separation).

[5] *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 262 (3d Cir. 2017)

[6] *Simpson v. Kay Jewelers*, 142 F.3d 639, 645 (3d Cir. 1998).

[7] *Crumpton v. Potter*, 305 F. Supp. 2d 465, 472 (E.D. Pa. 2004).

PMMA which are differentiated by either 1) a minimum presence of active THC or 2) by on-the-job impairment. These provisions explicitly exclude certain individuals from performing specific duties when they either have this minimum presence or if they are intoxicated. *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881, at *4-8 (Pa. Com. Pl. Columbia Cnty. 2020)(by specifically mentioning certain positions that are excluded from PMMA protections, non-specifically mentioned positioned are protected from discrimination).

### 1. Available Only if the Plaintiff has a Blood Content of More Than 10 Nanograms of Active THC Per Milliliter of Blood in Serum.

Under PMMA § 510(1)(i),(ii), only individuals who operate or control 1) chemicals which require a permit; or 2) high-voltage electricity[8];  or 3) any other public utility are not protected from the anti-discrimination provisions when demonstrated that they have a "blood content of more than 10 Nanograms of **Active** THC per milliliter of blood in serum." (emphasis added). *See Id.*

In order for an employer to avail itself of this statutory defense, it must produce admissible testing results that show the presence of active THC and not just a metabolite. An employer's failure to make such a minimum showing is fatal to this defense.

### 2. Available Only if the Plaintiff is Under the Influence of Medical Marijuana.

Under PMMA § 510(2),(3),(4), only individuals who perform employment duties 1) at heights; or 2) in confined spaces; or 3) that are life-threatening to the individual or others; or 4) that are public health or safety risk are not protected from the anti-discrimination provisions when they perform any of these duties while under the influence of medical marijuana. *See Id.*

---

[8] A term not defined within the PMMA, but as asserted below and referenced in Exhibit 11, this term may properly be defined as being between 115,000 and 230,000 volts.

In order for an employer to avail itself of this statutory defense, it must prove that the employee had consumed  marijuana on or immediately prior to working hours such that the employee was intoxicated at work.

**PLAINTIFF MATTHEW REYNOLDS' CLAIMS**

**f. Plaintiff Matthew Reynolds Has Demonstrated a Prima Facie PMMA Claim**

Plaintiff was a medical marijuana patient on the date he was terminated.  (Pl's SUMF ¶ 1). He was terminated "due to the positive result [for marijuana].  (Pl's SUMF ¶ 25). As such, Plaintiff was penalized because he availed himself of the benefits conferred by the PMMA. *See Scranton Quincy Clinic Co. v. Palmiter*, 2021 Pa. Super 155, 2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021).

**g. Defendant Willert May Not Maintain § 510(2),(3),(4) Defenses**

Because there is no evidence establishing (and no reasonable jury could conclude) that Plaintiff was under the influence of marijuana at work, Willert may not assert the defenses listed in PMMA § 510(2),(3),(4).  (Pl's SUMF ¶ 19). As such, Willert may not insulate its actions by asserting that Plaintiff held a "safety-sensitive" position.

**h. Defendant Willert May Not Maintain § 510(1)(i),(ii) Defenses**

**1.  The Drug Test Does Not Show Any Amount of Active THC**

As noted by Plaintiff's toxicology expert, Dr. Allison Muller, Willert's drug screen does not indicate whether Plaintiff had a level of active thc in his blood in excess of 10 ng/ml on 10/28/20.  "This is because only 'THC-marijuana metabolite (that is, a breakdown product of marijuana), not active drug (active thc), was tested for on 10/28/20. Simply put, Mr. Reynolds' employer was looking for apples but instead tested for oranges." Exhibit 10.

For this reason alone, Defendant may not use the presence of chemicals or "high-voltage electricity" on its premises as basis to avoid the imposition of liability. However, in an abundance of caution, Plaintiff demonstrates below that all equipment marked "high voltage" at Willert's facility was not "high-voltage" within the meaning of the PMMA.

### 2. Plaintiff Did Not Operate or Control High-Voltage Electricity

The term 'high voltage electricity' is not defined by the PMMA.

The Third Circuit has held that in interpreting a statute "it is permissible to use a dictionary to determine a term's plain meaning. *See Berckeley Invest. Group, Ltd. v. Colkitt*, 259 F.3d 135, 142-43 n.7 (3d Cir. 2001)." *Lawrence v. City of Phila.*, 527 F.3d 299, 317 (3d Cir. 2008) (see note 7 and corresponding text). Likewise, Pennsylvania courts have held that in determining the common and approved usage or meaning of undefined statutory terms, courts may turn to standard dictionary definitions. *Marcellus Shale Coal. v. Dep't of Envtl. Prot. of Pa.*, *193 A.3d 447, 472 (Pa. Commw. Ct. 2018) (*citing *SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*, 640 Pa. 169, 162 A.3d 353, 376 (Pa. 2017) and *In re Beyer*, 631 Pa. 612, 115 A.3d 835, 839 (Pa. 2015)).

Using the definition found in Engineering Industry-Standard ANSI C84.1 and adopted by Plaintiff's Engineering Expert, this Court may define 'high voltage electricity' "as systems with an operating voltage between 115,000 and 230,000 volts." Exhibit 11.

As Willert's Douglassville facility does not use equipment at or in excess of 115,000 volts, Plaintiff did not operate or control high-voltage electricity. (Pl's SUMF ¶ 15).

### CONCLUSION

As there is no issue of material fact that Plaintiff was terminated because he had availed himself of the benefits conferred to him by the PMMA and because Defendant may not properly

assert statutory defenses, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial.

Plaintiff further prays that for the convenience of the Parties and witnesses and in the interest of justice, this Honorable Court retains jurisdiction of this action for the determination of damages.

**LAW OFFICE OF STEVEN T. AUERBACH**

By:
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: August 19, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS,<br>Plaintiff; | ) | CIVIL ACTION |
| | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC,<br><u>Defendant.</u> | ) | |

## CERTIFICATE OF COMPLIANCE

I, Steven Auerbach, Esquire, hereby certify that on July 13, 2021 I had a telephonic conference with counsel for the Defendant for the purposes of thoroughly discussing the substance of the within Motion. I certify that the parties were unable to resolve this issue during this conference.

**LAW OFFICE OF STEVEN T. AUERBACH**

By:    /s/ Steven T. Auerbach
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: August 19, 2021

 Gmail

**Steven Auerbach <auerbach.steven@gmail.com>**

## Reynolds-- L. Fed. R. 56 Correspondence
1 message

**Steven Auerbach** <auerbach.steven@gmail.com>                    Mon, Jul 12, 2021 at 11:38 AM
To: Eileen Ficaro <eficaro@kdvlaw.com>
Cc: Gregory Hyman <GHyman@kdvlaw.com>

Eileen,

Pursuant to Judge Leeson's Initial Procedural Order, I am giving notice of my intent to file a Rule 56 Motion.

At tomorrow's conference, we will thoroughly discuss the substance of this motion (i.e., your client's inability to assert an affirmative defense) and explore possible resolution.

--

**Steven Auerbach**
Law Office of Steven Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
Auerbach.Steven@gmail.com
p: 215.964.4410
f: 610.667.7305
LinkedIn



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF NON-CONCURRENCE

I, Steven Auerbach, Esquire, hereby certify that I have asked the Defendant to "stip to liability" which would have obviated the need for this Motion. Defendant refused this request.

**LAW OFFICE OF STEVEN T. AUERBACH**

By:    /s/ Steven T. Auerbach
        Steven T. Auerbach, Esq.
        822 Montgomery Ave.
        Suite 210
        Narberth, PA 19072
        (215) 964-4410
        Auerbach.Steven@gmail.com


*Attorney for Plaintiff*

Dated: August 19, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF COUNSEL

I, Steven Auerbach, Esquire, hereby certify that on information and belief, that for the convenience of the Parties and witnesses and in the interest of justice, this Honorable Court should retain jurisdiction of this action for the determination of damages.

LAW OFFICE OF STEVEN T. AUERBACH

By: */s/ Steven T. Auerbach*
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: August 19, 2021

**Law Office of Steven T. Auerbach**
Steven Auerbach, Esquire
PA Bar Identification No.: 317309
822 Montgomery Ave., Suite 210
Narberth, PA. 19072

*Attorney for Plaintiff, Matthew Reynolds*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | No.: 5:21-cv-01208 |
| Plaintiff; | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| <u>Defendant.</u> | ) | |

I, Steven Auerbach, Esquire, hereby certify that on August 19, 2021 I served the foregoing Motion for Partial Summary Judgment upon counsel for Defendant via ECF and as follows:

To:   Eileen Ficaro, Esq.
      Kaufman Dolowich & Voluck LLP
      930 Harvest Drive
      Suite 420
      Blue Bell, PA 19422
      eficaro@kdvlaw.com

LAW OFFICE OF STEVEN T. AUERBACH

By:   */s/ Steven T. Auerbach*
      Steven T. Auerbach, Esq.
      822 Montgomery Ave.
      Suite 210
      Narberth, PA 19072
      (215) 964-4410
      Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: August 19, 2021