IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this            day of            ,  2021  upon  consideration  of

Plaintiff's Motion for Partial Summary Judgment (ECF. No. 27), and any response thereto, it is

hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and judgment is

entered in favor of Plaintiff and against Defendant in an amount to be determined in trial.

For the convenience of the Parties and witnesses and in the interest of justice, jurisdiction

of this action is retained for the determination of damages.

**BY THE COURT:**


_____
JOSEPH F. LEESON, JR.
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF MATTHEW REYNOLDS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Matthew Reynolds hereby moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law in Support, Statement of Undisputed Material Facts, and exhibits thereto, the contents of which are incorporated by reference herein as if set forth in full.

As described more fully below, Defendant's termination of Plaintiff was motivated not only by a callous indifference to Plaintiff's statutory rights, but was in utter disregard of same. Defendant carried out a plan to penalize Plaintiff because he availed himself of the benefits conferred by the Pennsylvania Medical Marijuana Act ("PMMA"). The impunity with which the Defendant acted is demonstrated by the fact that it wreaked retribution on the first occasion in which it had the opportunity to do so.

There is no genuine dispute of material facts precluding the entrance of judgment.

More specifically, there is no dispute that Plaintiff is a medical marijuana patient and that he was punished for having availed himself of the benefits conferred to him by the PMMA. There is no evidence that Plaintiff was intoxicated at work or that he had any amount of Active THC (as opposed to a metabolite) in his system.

As such, Plaintiff requests that this Honorable Court enter the attached order granting his Motion for Partial Summary Judgment and retain jurisdiction over this matter for the determination of damages.

**LAW OFFICE OF STEVEN T. AUERBACH**

By:

Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 6, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS,<br>Plaintiff; | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | No.: 5:21-cv-01208 |
| | ) | **ORAL ARGUMENT REQUESTED** |
| WILLERT MFG. CO., LLC,<br>Defendant. | ) ) ) | |

**MATTHEW REYNOLD'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**LAW OFFICE OF STEVEN T. AUERBACH**

Filed on behalf of Plaintiff:
MATTHEW REYNOLDS

Attorney of Record for this Party:
Steven Auerbach, Esquire
Law Office of Steven T. Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
Ph:   (215) 964-4410
Fax: (610) 667-7305
Auerbach.Steven@gmail.com
Pa. I.D. #317309

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION…………………………………………………………..…. 1

STATEMENT OF UNDISPUTED MATERIAL FACTS …………………………….….. 2

    a.  Factual Background ………………..….….….…..…....…...........…...........…….... 2

        1.  Plaintiff Did Not Operate or Control Chemicals or High-Voltage Electricity …... 3

        2.  Plaintiff Disclosed His Protected Status, was Given a Drug Test, & was Fired ………………………………………………..….….….…………………….…. 4

QUESTION PRESENTED ………………………………………………....…………. 4

SUMMARY OF ARGUMENT ……………………………………………………. 4

LEGAL STANDARD …………………………………………………………...……. 5

    a.  Jurisdiction and Standard of Review ……………………….….……………… 5

    b.  Procedural History ………………………….....…........……………….…... 6

    c.  The PMMA-- Generally …………………………………..…...……….…... 7

    d.  Elements of a Prima Facie PMMA Claim ……………………….….….…….....…. 8

        1.  The Plaintiff is a Medical Marijuana Patient at the Time of His Termination …... 9

        2.  The Plaintiff Suffered an Adverse Employment Action …………….…..............…. 9

        3.  Causal Connection ……………………………………….....…...……….…. 9

    e.  The PMMA's Two Exclusive Statutory Defenses ………………........…...……...…. 10

        1.  Available Only if the Plaintiff has a Blood Content of More Than 10 Nanograms of Active THC Per Milliliter of Blood in Serum while Working ……………….... 11

        2.  Available Only if the Plaintiff is Under the Influence of Medical Marijuana while Working …………………………………………………….................…. 11

PLAINTIFF MATTHEW REYNOLDS' CLAIMS ……………………….….…….…....... 12

    f.   Plaintiff Matthew Reynolds Has Demonstrated a Prima Facie PMMA Claim ……..… 12

    g.   Defendant Willert is Unable to Maintain § 510(2),(3),(4) Defenses ……….................. 12

    h.   Defendant Willert is Unable to Maintain § 510(1)(i),(ii) Defenses ………...........… 13

        1.   Willert's Drug Screen Does Not Show Any Amount of Active THC ….......... 13

        2.   Plaintiff did not Operate or Control High Voltage Electricity …………............ 13

        3.   Plaintiff Did Not Operate or Control Chemicals which Required Permits …..… 14

CONCLUSION ………………………………………………………........……... 14

CERTIFICATE OF COMPLIANCE ……………………………………….……..… 16

CERTIFICATE OF NON-CONCURRENCE ……………………………………........ 17

COUNSEL'S CERTIFICATION ………………………………………….…..…. 18

ORAL ARGUMENT REQUEST ……………………………………………….… 19

CERTIFICATE OF SERVICE …………….…………………………...…..……….....… 20

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) …………………………………………………………… 5

*Berckeley Invest. Group, Ltd. v. Colkitt*,
    259 F.3d 135 (3d Cir. 2001) …………………………………………………… 13

*Big Apple BMW, Inc. v. BMW of N. Am. Inc.*,
    974 F.2d 1358 (3d Cir. 1992) …………………………………………………… 6

*Briggs v. Temple Univ.*,
    PICS Case No. 16-248 (E.D. Pa. 2018) ………………………………………… 10

*Carvalho-Grevious v. Del. State Univ.*,
    851 F.3d 249 (3d Cir. 2017) …………………………………………………… 10

**Carson v. Tucker,**
    **PICS Case No. 20-00399 (E.D. Pa. March 30, 2021)(Leeson, J.) ……………………………… 5**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) …………………………………………………………… 5, 6

*Commonwealth v. Handley*,
    213 A.3d 1030 (Pa. Super. 2019) ……………………………………………… 7

*Commonwealth v. Jezzi*,
    208 A.3d 1105 (Pa. Super. 2019) ……………………………………………… 7

*Crumpton v. Potter*,
    305 F. Supp. 2d 465 (E.D. Pa. 2004) ………………………………………… 10

*Farrell v. Planters Lifesavers Co.*,
    206 F.3d 271 (3d Cir. 2000) …………………………………………………… 10

*Fasold v. Justice*,
    409 F.3d 178 (3d Cir. 2005) …………………………………………………… 10

*Galeone v. American Packaging Corp.*,
    764 F. Supp. 349 (E.D. Pa. 1991) …………………………………………… 6

*Gass v. 52nd Judicial Dist.*,
    236 A.3d 706 (Pa. June 18, 2020) …………………………………………… 7

*HACC v. PHRC (Swope)*,
　　No. 654 C.D. 2019 (Pa. Commonwealth Court, May 11, 2020) …………………..…….. 8

*Harter v. G.A.F. Corp.*,
　　967 F.2d 846 (3d Cir. 1992) …….…………….…….…………………………..…….. 6

*Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*,
　　PICS Case No. 20-01621 (E.D. Pa. September 25, 2020) ………………..……..…... 8, 9

*In re Beyer*,
　　115 A.3d 835 (Pa. 2015) ………………………………………………………….….. 12

*Jack Lehr Elec. v. UCBR (Moyer)*,
　　2021 Pa. Commw. LEXIS 490 (Pa. Commonwealth Court, June 8, 2021) …………..... 10

*Laidacker v. Berwick Offray, LLC.*,
　　2020 WL 3410881(Pa. Com. Pl. Columbia Cnty. January 2, 2020) ………..…..…... 8, 10

*Lawrence v. City of Phila.*,
　　527 F.3d 299 (3d Cir. 2008) ………………………………….…..…..…………..... 13

*Lubin v. American Packaging Corp.*,
　　760 F. Supp. 450 (E.D. Pa. 1991) …………………..………………….…..……….. 6

*Marcellus Shale Coal. v. Dep't of Envtl. Prot. of Pa.*,
　　193 A.3d 447 (Pa. Commw. Ct. 2018) ……………………...…..……..….………… 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
　　475 U.S. 574 (1986) …………………………………………..…..…..……...…… 6

*Miller v. Amazon.com Services, Inc., et al.*,
　　PICS No. 21-944 (E.D. Pa. June 11, 2021) …………………………………..……..... 12

*Petroski v. Lee*,
　　PICS Case No. 20-2112 (E.D. Pa. June 11, 2020) ………….….……….…..……... 10

*Scranton Quincy Clinic Co. v. Palmiter*,
　　2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021) ………..……..….…..... *passim*

*Shellenberger v. Summit Bancorp, Inc.*,
　　318 F.3d 183 (3d Cir. 2003) …………………….…..……………………….……… 10

*Simpson v. Kay Jewelers*,
　　142 F.3d 639 (3d Cir. 1998) …………………………..…..…..….…………….….. 10

*SugarHouse HSP Gaming, L.P. v. Pennsylvania Gaming Control Board*,
    162 A.3d 353 (Pa. 2017) ……………………………………………………..…….... 13

*Tielle v. The Nutrition Group*,
    PICS Case No. 19-2873 (3d Cir. 2020) …………………………….……………... 10

*Turner v. Schering-Plough Corp.*,
    901 F.2d 335 (3d Cir. 1990) …………………..…....…………..……..…..…..…... 5

*United States v. Jackson*,
    388 F. Supp. 3d 505 (E.D. Pa. 2019) …………………….………………..…... 7, 8

*Werner v. Werner*,
    267 F.3d 288 (3d Cir. 2001) …………………………………………………..…... 7

**Rules**

Fed. R. Civ. P. 56 ………………………….……….……………..….……… *passim*

Fed. R. Evid. 201 ……………………………………………………………..……. 7

**Statutes**

28 U.S.C. § 1332(a),(1) ……………………………………...….………...……. *passim*

the Pennsylvania Medical Marijana Act, 35 P.S. § 10231 *et seq* ("PMMA") …………… *passim*

Act of June 30, 2021, P.L. 210, No. 44 *et seq* ("PMMA Omnibus Amendments") ………. *passim*

**United States Constitution**

U.S. Const. amend. VII …………………………….………………………. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF MATTHEW REYNOLDS'
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.    Introduction

This is an employment discrimination case filed by Plaintiff Matthew Reynolds against his former employer Willert Manufacturing Company, LLC ("Willert" or "Defendant") to remedy violations of civil rights as secured by the Pennsylvania Medical Marijana Act, 35 P.S. § 10231 *et seq* ("PMMA")(retroactively amended by the Act of June 30, 2021, P.L. 210, No. 44 *et seq* ("PMMA Omnibus Amendments")).

On November 5, 2020, Plaintiff, a Pennsylvania Medical Marijuana Patient, was fired because his drug screen stated "D-THC-Marijuana Metabolite 50/15 - Positive." Defendant's drug screen did not reveal any amount of "Active" THC. Defendant does not have any evidence that Plaintiff was "high" on the job or that he was, at any relevant time, suffering residual effects of his off-duty medical marijuana use.

During his brief employment with Defendant, Plaintiff had not been disciplined, reprimanded, written up, placed on a performance improvement plan, or had any negative performance evaluations from which a reasonable jury could find a non-discriminatory motivation for his termination.

In short, Defendant used Plaintiff's positive drug test as an opportunity to callously disregard its obligations not only to individuals who are certified to use medical marijuana, but to all individuals who use prescribed medication to treat anxiety.

Because there are no material facts in dispute concerning Plaintiff's sole wrongful termination claim (Count I), Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant.

## II.    Statement of Undisputed Material Facts

Pursuant to this Court's Policies and Procedures, Plaintiff has filed a Statement of Undisputed Material Facts and supporting Exhibits ("SUMF") contemporaneous with this Memorandum. Plaintiff incorporates the SUMF as if set forth fully herein.

### a.    Factual Background

Plaintiff Matthew Reynolds suffers from severe anxiety disorder. (Pl's SUMF ¶ 2).

In order to manage the symptoms of this condition, and upon the recommendation of his doctor and approval from the Pennsylvania Department of Health, Plaintiff became a medical marijuana patient and was given a Patient Identification Card. (Pl's SUMF ¶ 3).

Upon receipt of his Patient Identification Card, Plaintiff began purchasing medical marijuana exclusively from Pennsylvania dispensaries. At all times relevant hereto, Plaintiff was in possession of his Patient Identification Card while he possessed marijuana, he kept his marijuana in the original container in which it was dispensed, and he consumed marijuana exclusively on non-working hours and in a matter not-inconsistent with the PMMA. (Pl's SUMF ¶¶ 4-5).

On October 15, 2020, Plaintiff was offered the position of maintenance manager with Defendant Willert at its Douglasville, Pennsylvania location. (Pl's SUMF ¶ 6). Plaintiff's duties

as maintenance manager included overseeing the repairs, installations, and upkeep of various machines and equipment, and to supervise technicians on all shifts. (Pl's SUMF ¶ 9). As an overtime-exempt employee, Plaintiff was told that this position was "not to turn a wrench, but to manage the people who would turn the wrenches." (Pl's SUMF ¶ 10).

### 1.  Plaintiff Did Not Operate or Control Chemicals or High-Voltage Electricity

This position did not require that Plaintiff be licensed to operate or control high-voltage electricity or hold a journeyman's certificate. (Pl's SUMF ¶¶ 12-13). It did not require that he be provided with tools and equipment necessary to safely operate or control high voltage electricity such as thermography equipment, infrared thermometers, arc flash suits, rated screwdrivers, rated gloves, or high-voltage circuit breaker disconnecting poles. (Pl's SUMF ¶ 14).

The undersigned anticipates that Defendant will characterize its Douglasville location as a production facility that contains chemicals and 480-volt equipment marked "danger high-voltage electricity."

At no point, however, was Plaintiff expected to mix, process, operate, or control the chemicals at the Douglassville plant. (Pl's SUMF ¶¶ 11, 17). Plaintiff's de minimis (at best) contact with these chemicals was limited to the overseeing of subordinate and subcontractor maintenance of chemical-touching containers/equipment. And, Defendant is without evidence that the chemicals at the plant required permits.

Additionally, and notwithstanding the signs to the contrary, the above-referenced electrical equipment was not "high-voltage" within the meaning of the PMMA as it was not in excess of 115,000 volts. All higher-voltage equipment at Willert's facility was maintained by non-Willert employees and not by Plaintiff. (Pl's SUMF ¶ 15).

### 2. Plaintiff Disclosed His Protected Status, was Given a Drug Test, & was Fired

On  the date of hire, Plaintiff was informed that he would be subjected to a drug screen. (Pl's SUMF ¶ 20).  Plaintiff was subjected to this screen on October 28, 2020. (Pl's SUMF ¶ 21). In the intervening time between his hire and drug screen, Plaintiff had not been placed on a performance improvement plan. And, Defendant is without evidence that, during this period, it gave Plaintiff negative performance reviews or evaluations, reprimands, or write ups to remediate alleged performance deficiencies. (Pl's SUMF ¶ 8).

On October 28, 2020, Plaintiff reported for the drug screen as directed, disclosed that he was a medical marijuana patient, and presented his Patient Identification Card to the attendant. On November 5, 2020, Plaintiff's manager, Jack Bonsky, informed Plaintiff that he was being terminated because he had not passed the drug screen. Plaintiff then asked Mr. Bonsky to reconsider this decision because he was a medical marijuana patient, but to no avail. (Pl's SUMF ¶¶ 21, 24-25, 28).

Consequently, Plaintiff was without employment from November 5, 2020 until the last week of June 2021. (Pl's SUMF ¶ 29).

### QUESTION PRESENTED

1. **Should this Honorable Court grant Plaintiff's Motion for Partial Summary Judgment when there is no dispute that Plaintiff was terminated because of the presence of THC in his system and because Defendant is unable to properly assert statutorily-available defenses?**

Suggested Answer: Yes.

### SUMMARY OF ARGUMENT

Plaintiff, a medical marijuana patient, was terminated because marijuana was detected on his drug screen. Consequently, Plaintiff was punished because he availed himself of the benefits conferred by the PMMA.

Because Defendant does not alledge (and Defendant is unable to prove) that Plaintiff was "under the influence" of marijuana at work, it may not raise the statutory defenses listed in PMMA § 510(2),(3),(4).

Additionally, because Defendant is unable to prove that Plaintiff had a "blood content of more than 10 Nanograms of **Active** THC per milliliter of blood in serum" (as opposed to merely the presence of a metabolite) and/or because Defendant is without evidence that Plaintiff operated or controlled high-voltage electricity or chemicals which requires permits, it may not raise the statutory defenses listed in PMMA § 510(1)(i),(ii).

## III.   Legal Argument

### a.   <u>Jurisdiction and Standard of Review</u>

This Court has jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332(a),(1) because it arises as a dispute between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Plaintiff's Motion for Partial Summary Judgment is governed by the well-established standard for judgment set forth in Fed. R. Civ. P. 56, and as amplified by this Court's recent decision in *Carson v. Tucker*, PICS Case No. 20-00399 (E.D. Pa. March 30, 2021)(Leeson, J.).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 257, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also*, *Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. Denied*, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

b.      **Procedural History**

On February 4, 2021, Plaintiff filed a Complaint against Defendant in the Berks County Court of Common Pleas. A true and correct copy of the Complaint is attached hereto as Exhibit 1. On March 12, 2021, Defendant removed this matter to this Court (ECF. No. 1) and filed its Answer to the Complaint on March 19, 2021 (ECF. No. 3). Plaintiff made a Jury Demand[1] on March 22, 2021 (ECF. 5). On July 19, 2021, Plaintiff served Defendant with the Requests for Admission referenced in his Opposition to Defendant's Motion to Extend Discovery (Doc. No.

---

[1] While no Pennsylvania court has addressed the availability of jury trials under the PMMA. This Court may assume, without deciding, that in actions in federal court for money damages pursuant to the PMMA, a plaintiff has an independent right, guaranteed by the Seventh Amendment of the United States Constitution, to a trial by jury. *See Lubin v. American Packaging Corp.*, 760 F. Supp. 450 (E.D. Pa. 1991); *Galeone v. American Packaging Corp.*, 764 F. Supp. 349 (E.D. Pa. 1991).

21). Incident Defendant's failure to timely respond to these Requests, Plaintiff first moved for Partial Summary Judgment on August 19, 2021. (ECF No. 23).

In response to an August 23, 2021 letter from Defendant, and Plaintiff's response thereto, this Court dismissed Plaintiff's First Motion for Partial Summary Judgment without prejudice because of a "discovery dispute regarding Plaintiff's Request for Admissions" and directed Defendant to respond to Plaintiff's Requests for Admission on or before August 25, 2021. (ECF No. 25). A true and correct copy of Defendant's response to this Order is attached hereto as Exhibit 2.

By Order of Court, discovery closes on September 7, 2021 (ECF. No. 22). Now, Plaintiff, once again, moves for Partial Summary Judgment.

### c.    The PMMA-- Generally

The PMMA provides a controlled program for lawful access to medical marijuana under specific circumstances and criteria for special medical needs. *Commonwealth v. Jezzi*, 208 A.3d 1105, 1115 (Pa. Super. 2019); *see also Commonwealth v. Handley*, 213 A.3d 1030, 1040-41 (Pa. Super. 2019)(same); *Gass v. 52nd Judicial Dist.*, No. 118 MM 2019, 236 A.3d 706 (Pa. June 18, 2020)(same); *see also United States v. Jackson*, 388 F. Supp. 3d 505, 508 (E.D. Pa. 2019)(same).

The PMMA was enacted in 2016 and amended on June 30, 2021. To be eligible for medical marijuana under the Act as retroactively amended, a "patient" must have one of eighteen enumerated "serious medical conditions," which include, *inter alia*, cancer, epilepsy, and glaucoma. *Id.* § 10231.103. On July 20, 2019, and pursuant to 35 P.S. § 1023.1201(j)(5)(ii) and 1023.1202, anxiety disorders were recognized as "serious medical conditions" qualifying individuals for the use of medical marijuana upon proper certification. (Pl's SUMF ⨎ 30)[2].

---

[2] This Court may take judicial notice of this assertion as a fact not subject to reasonable dispute, is generally known within this Court's Jurisdiction, and can be readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001).

The PMMA also requires a "patient" to "receive[ ] certification from a practitioner," to acquire marijuana from an approved dispensary, and to be "in possession of a valid identification card issued by" the Pennsylvania Department of Health at any time he's in possession of medical marijuana. *Id.* § 10231.303. *United States v. Jackson*, 388 F. Supp. 3d 505, 508-9 (E.D. Pa. 2019).

### d.      Elements of a Prima Facie PMMA Claim

The PMMA prohibits discrimination against an employee where the action in question is taken on the basis of such employee's status as an individual who is certified to use medical marijuana. *HACC v. PHRC (Swope)*, No. 654 C.D. 2019 (Pa. Commonwealth Court, May 11, 2020) (*quoting* PMMA § 2103(b)(1)); *see also See Scranton Quincy Clinic Co. v. Palmiter*, 2021 Pa. Super 155, 2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021)(prohibited discrimination includes punishing an employee for his lawful availment of the benefits conferred to him by the PMMA).

To date, no Pennsylvania court has identified the elements necessary for maintaining a prima facie PMMA claim. Instead, courts have focused the weight of their attention on determining the viability of private rights of action under this Act[3]. *See Scranton Quincy Clinic Co. v. Palmiter*, 2021 Pa. Super 155, 2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021) (finding a private right of action); *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881(Pa. Com. Pl. Columbia Cnty. January 2, 2020) (same) *see also*, *Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*, PICS No. 20-01621 (E.D. Pa. September 25, 2020) (same).

As a matter of first impression, Plaintiff submits for this Court's consideration the following suggested elements and defenses of a PMMA claim.

---

[3] Willert does not challenge the legal assertion that the PMMA provides individuals with private rights of action.

**1.   The Plaintiff is a Medical Marijuana Patient at the Time of His Termination.**

Axiomatically, a plaintiff asserting a wrongful discharge claim under the PMMA must be a medical marijuana patient at the time of the adverse employment action. *See Hudnell v. Thomas Jefferson Univ. Hosp., Inc.*, PICS No. 20-01621 (E.D. Pa. September 25, 2020)(Jefferson argues in its pending Motion for Summary Judgment that Hudnell's Patient Identification Card was expired at the time of her termination which rendered her outside of PMMA protections). To meet this burden, Plaintiff must prove that he 1)  has or had a "serious medical condition" as defined by the PMMA; 2) has met the requirements for certification under the Act; and 3)  is a resident of Pennsylvania. PMMA § 103.

This burden is satisfied by a plaintiff's production of a true and correct copy of his state-issued Patient Identification Card.

**2.   The Plaintiff Suffered an Adverse Employment Action.**

Next, a plaintiff must make a showing that he suffered an adverse employment action defined by, "**discharge**, threat[s], [failure] to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges[.]" PMMA § 2103(b)(1)(emphasis added).

**3.   Causal Connection.**

Finally, a plaintiff must causally-connect the adverse employment action to his status as an individual certified to use medical marijuana. PMMA § 2103(b)(1). Absent direct discriminatory statements, causation for PMMA violations may be demonstrated through the familiar analytical framework used in Title VII, PHRA, and PFPO statutory discrimination/retaliation claims such as: 1) an unusually-suggestive temporal proximity between the employer's final verification of the employee's status as a medical marijuana patient and

ensuing termination[4]; 2) an employer's implausible, inconsistent, incoherent, or contradictory explanation for the termination[5]; 3) non-isolated patterns of antagonism against the medical marijuana patient[6]; or 4) similarly-situated persons outside of the protected class being treated more favorably than the medical marijuana patient[7]. *Tielle v. The Nutrition Group*, PICS Case No. 19-2873 (3d Cir. 2020).

### e. Statutory Defenses

After a plaintiff establishes a prima facie case, the burden of production and proof shifts to the employer to put forth a defense enumerated in PMMA § 510(1)(i),(ii) or in PMMA § 510(2),(3),(4). *Jack Lehr Elec. v. UCBR (Moyer),* 2021 Pa. Commw. LEXIS 490 (Commonwealth Court, June 8, 2021)(the employer has the burden of establishing PMMA Section 510 defenses).

Section 510 sets forth the exclusive list of non-discriminatory defenses to PMMA claims which are differentiated by either 1) an employee's minimum presence of "Active" THC or 2) by an employee's on-the-job impairment. Section 510 explicitly excludes certain individuals from performing specific duties when they either have this minimum presence or if they are intoxicated at work. *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881, at *4-8 (Pa. Com. Pl. Columbia Cnty. 2020)(by specifically mentioning certain positions that are excluded from PMMA protections, non-specifically mentioned positioned are protected from discrimination).

---

[4] *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000)(2-day separation); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003)(10-day separation if accompanied by other evidence); *Petroski v. Lee*, PICS Case No. 20-2112 (E.D. Pa. 2020)(1-month separation); *Briggs v. Temple Univ.*, PICS Case No. 16-248 (E.D. Pa. 2018)(1-month separation); *Fasold v. Justice*, 409 F.3d 178, 190 (3d Cir. 2005)(3-month separation).

[5] *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 262 (3d Cir. 2017)

[6] *Simpson v. Kay Jewelers*, 142 F.3d 639, 645 (3d Cir. 1998).

[7] *Crumpton v. Potter*, 305 F. Supp. 2d 465, 472 (E.D. Pa. 2004).

**1. Available Only to a Defendant if the Plaintiff had a Blood Content of More Than 10 Nanograms of Active THC Per Milliliter of Blood in Serum.**

Under PMMA § 510(1)(i),(ii), only individuals who operate or control 1) chemicals which require a permit; or 2) high-voltage electricity[8];  or 3) any other public utility are not protected from the anti-discrimination provisions when demonstrated that they have a "blood content of more than 10 Nanograms of **Active** THC per milliliter of blood in serum." (emphasis added). *See Id*.

In order for an employer to avail itself of this statutory defense, it must produce admissible testing results that shows the presence of Active THC and not just a metabolite. An employer's failure to make such a minimum showing is fatal to this defense.

**2. Available Only to a Defendant if the Plaintiff was Under the Influence of Medical Marijuana at Work.**

Under PMMA § 510(2),(3),(4), only individuals who perform employment duties 1) at heights; or 2) in confined spaces; or 3) duties that are life-threatening to the individual or others; or 4) duties that are public health or safety risk are not protected from the anti-discrimination provisions when they perform any of these duties while under the influence of medical marijuana. *See Id*.

In order for an employer to avail itself of this statutory defense, it must prove that the employee had consumed  marijuana on or immediately prior to working hours such that the employee was intoxicated at work.

---

[8] This term is not defined within the PMMA. However, as asserted below, and referenced in Exhibit 11, this term refers to voltage between 115,000 and 230,000 volts.

**PLAINTIFF MATTHEW REYNOLDS' CLAIMS**

**f. Plaintiff Matthew Reynolds Has Demonstrated a Prima Facie PMMA Claim**

Plaintiff was a medical marijuana patient on the date he was terminated. (Pl's SUMF ¶ 1)[9]. He was terminated "due to the positive result [for marijuana]." (Pl's SUMF ¶ 25). As such, Plaintiff was penalized because he availed himself of the benefits conferred by the PMMA. *See Scranton Quincy Clinic Co. v. Palmiter*, 2021 Pa. Super 155, 2021 Pa. Super. LEXIS 504 (Pa. Super. Ct. Aug. 5, 2021).

Knowledge of Plaintiff's protected status was imputed onto Defendant when he disclosed his protected status and presented his Patient Identification Card to the attendant prior to his drug screen. (Pl's SUMF ¶ 21). *See Miller v. Amazon.com Services, Inc., et al.*, PICS Case No. 21-944 (E.D. Pa. June 11, 2021)("Pennsylvania places the onus on the employer and not on a third-party testing agency to take into account an employee's report that they are certified to use medical marijuana.").

Defendant was further directly noticed of Plaintiff's protected status by his November 5, 2020 conversation with his supervisor who was unwilling or able to revoke Plaintiff's termination. (Pl's SUMF ¶ 28).

**g. Defendant Willert is Unable to Assert § 510(2),(3),(4) Defenses**

Because there is no evidence establishing (and no reasonable jury could conclude) that Plaintiff was under the influence of marijuana at work, Willert may not assert the defenses listed in PMMA § 510(2),(3),(4). (Pl's SUMF ¶ 19). As such, Willert may not insulate its actions by asserting that Plaintiff held a "safety-sensitive" position.

---

[9] The dates on Plaintiff's Patient Identification Card (Exhibit 5) are July 6, 2020 through July 6, 2021 and Plaintiff was terminated on November 5, 2020.

### h. Defendant Willert Willert is Unable to Assert § 510(1)(i),(ii) Defenses

#### 1.   Willert's Drug Test Does Not Show Any Amount of Active THC

As noted by Plaintiff's toxicology expert, Dr. Allison Muller in Exhibit 10, Defendant's drug screen (Exhibit 9) does not establish the requisite level of __Active__ THC to trigger PMMA § 510(1)(i),(ii) defenses. "This is because only THC-marijuana metabolite (that is, a breakdown product of marijuana), and not active drug (active THC), was tested for on 10/28/20." Exhibit 10.

Whereas availment of PMMA § 510(1)(i),(ii) defenses explicitly requires a showing of "Active" THC, Defendant is only able to show the presence of a metabolite. "Simply put, Mr. Reynolds' employer was looking for apples but instead tested for oranges." Exhibit 10.

For this reason alone, Defendant may not use the presence of chemicals or "high-voltage" electricity on its premises as a basis to avoid the imposition of liability. However, in an abundance of caution, Plaintiff demonstrates below that all equipment marked "high voltage" at Willert's facility was not "high-voltage" within the meaning of the PMMA.

#### 2. Plaintiff Did Not Operate or Control High-Voltage Electricity

The term "high voltage" electricity is not defined within the PMMA.

The Third Circuit has held that in interpreting a statute "it is permissible to use a dictionary to determine a term's plain meaning. *See Berckeley Invest. Group, Ltd. v. Colkitt*, 259 F.3d 135, 142-43 n.7 (3d Cir. 2001)." *Lawrence v. City of Phila.*, 527 F.3d 299, 317 (3d Cir. 2008) (see note 7 and corresponding text). Likewise, Pennsylvania courts have held that in determining the common and approved usage or meaning of undefined statutory terms, courts may turn to standard dictionary definitions. *Marcellus Shale Coal. v. Dep't of Envtl. Prot. of Pa.*, 193 A.3d 447, 472 (Pa. Commw. Ct. 2018) (citing *SugarHouse HSP Gaming, L.P. v.*

*Pennsylvania Gaming Control Board*, 640 Pa. 169, 162 A.3d 353, 376 (Pa. 2017) and *In re Beyer*, 631 Pa. 612, 115 A.3d 835, 839 (Pa. 2015)).

Using the definition found in Engineering Industry-Standard ANSI C84.1 and adopted by Plaintiff's Engineering Expert, this Court may define 'high voltage electricity' "as systems with an operating voltage between 115,000 and 230,000 volts." Exhibit 11.

As Willert's Douglassville facility does not use equipment at or in excess of 115,000 volts, Plaintiff did not operate or control high-voltage electricity.  (Pl's SUMF ₰ 15).

**3. Plaintiff Did Not Operate or Control Chemicals which Required Permits**

Defendant has produced no evidence that the chemicals at its Douglassville plant required permits. As such, it may not avail itself of the PMMA  § 510(1)(i),(ii) defenses.

### CONCLUSION

As there is no issue of material fact that Plaintiff was terminated because he had availed himself of the benefits conferred to him by the PMMA and because Defendant may not properly assert statutory defenses, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial.

Plaintiff further prays that for the convenience of the Parties and witnesses and in the interest of justice, this Honorable Court retains jurisdiction of this action for the determination of damages.

**LAW OFFICE OF STEVEN T. AUERBACH**

By: _____
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410

Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 6, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW REYNOLDS,       )       CIVIL ACTION
       Plaintiff;       )
             )       No.: 5:21-cv-01208
    vs.       )
             )       **ORAL ARGUMENT REQUESTED**
WILLERT MFG. CO., LLC,       )
       Defendant.       )

## CERTIFICATE OF COMPLIANCE

I, Steven Auerbach, Esquire, hereby certify that on July 13, 2021 I had a telephonic conference with counsel for the Defendant for the purposes of thoroughly discussing the substance of the within Motion. I certify that the parties were unable to resolve this issue during this conference.

LAW OFFICE OF STEVEN T. AUERBACH

By:    /s/ Steven T. Auerbach
        Steven T. Auerbach, Esq.
        822 Montgomery Ave.
        Suite 210
        Narberth, PA 19072
        (215) 964-4410
        Auerbach.Steven@gmail.com


*Attorney for Plaintiff*

Dated: September 6, 2021

 Gmail

**Steven Auerbach <auerbach.steven@gmail.com>**

---

# Reynolds-- L. Fed. R. 56 Correspondence
1 message

---

**Steven Auerbach** <auerbach.steven@gmail.com>                    Mon, Jul 12, 2021 at 11:38 AM
To: Eileen Ficaro <eficaro@kdvlaw.com>
Cc: Gregory Hyman <GHyman@kdvlaw.com>

Eileen,

Pursuant to Judge Leeson's Initial Procedural Order, I am giving notice of my intent to file a Rule 56 Motion.

At tomorrow's conference, we will thoroughly discuss the substance of this motion (i.e., your client's inability to assert an affirmative defense) and explore possible resolution.

--

**Steven Auerbach**
Law Office of Steven Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
Auerbach.Steven@gmail.com
p: 215.964.4410
f: 610.667.7305
LinkedIn



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW REYNOLDS, | ) | CIVIL ACTION |
| Plaintiff; | ) | |
| | ) | No.: 5:21-cv-01208 |
| vs. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| WILLERT MFG. CO., LLC, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF NON-CONCURRENCE

I, Steven Auerbach, Esquire, hereby certify that I have asked the Defendant to "stip to liability" which would have obviated the need for this Motion. Defendant refused this request.

LAW OFFICE OF STEVEN T. AUERBACH

By:     /s/ Steven T. Auerbach
        Steven T. Auerbach, Esq.
        822 Montgomery Ave.
        Suite 210
        Narberth, PA 19072
        (215) 964-4410
        Auerbach.Steven@gmail.com


        *Attorney for Plaintiff*

Dated: September 6, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW REYNOLDS,           )      CIVIL ACTION
      Plaintiff;            )
                     )      No.: 5:21-cv-01208
      vs.                   )
                     )      **ORAL ARGUMENT REQUESTED**
WILLERT MFG. CO., LLC,        )
      Defendant.            )

## CERTIFICATE OF COUNSEL

    I, Steven Auerbach, Esquire, hereby certify that on information and belief, the convenience of the Parties and witnesses and the interest of justice would be best served by this Honorable Court retaining jurisdiction of this action for the determination of damages.

                      **LAW OFFICE OF STEVEN T. AUERBACH**

                      By:     */s/ Steven T. Auerbach*
                              Steven T. Auerbach, Esq.
                              822 Montgomery Ave.
                              Suite 210
                              Narberth, PA 19072
                              (215) 964-4410
                              Auerbach.Steven@gmail.com

                        *Attorney for Plaintiff*

Dated: September 6, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW REYNOLDS,   )  CIVIL ACTION
   Plaintiff;     )
          )  No.: 5:21-cv-01208
   vs.       )
          )  **ORAL ARGUMENT REQUESTED**
WILLERT MFG. CO., LLC,   )
   Defendant.    )

## ORAL ARGUMENT REQUEST

   I, Steven Auerbach, Esquire, hereby request oral argument to address the contents of this

Motion and any response thereto.

         **LAW OFFICE OF STEVEN T. AUERBACH**

      By:  */s/ Steven T. Auerbach*
         Steven T. Auerbach, Esq.
         822 Montgomery Ave.
         Suite 210
         Narberth, PA 19072
         (215) 964-4410
         Auerbach.Steven@gmail.com

         *Attorney for Plaintiff*

Dated: September 6, 2021

**Law Office of Steven T. Auerbach**
Steven Auerbach, Esquire
PA Bar Identification No.: 317309          *Attorney for Plaintiff, Matthew Reynolds*
822 Montgomery Ave., Suite 210
Narberth, PA. 19072

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW REYNOLDS,<br>　　　　Plaintiff;<br><br>　　　　vs.<br><br>WILLERT MFG. CO., LLC,<br>　　　　<u>Defendant.</u> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No.: 5:21-cv-01208

**CERTIFICATE OF SERVICE**

I, Steven Auerbach, Esquire, hereby certify that on September 6, 2021 I served the foregoing Motion for Partial Summary Judgment upon counsel for Defendant via ECF and as follows:

To:　　Eileen Ficaro, Esq.
　　　　Kaufman Dolowich & Voluck LLP
　　　　930 Harvest Drive
　　　　Suite 420
　　　　Blue Bell, PA 19422
　　　　eficaro@kdvlaw.com

**LAW OFFICE OF STEVEN T. AUERBACH**

By:　　*/s/ Steven T. Auerbach*
　　　　Steven T. Auerbach, Esq.
　　　　822 Montgomery Ave.
　　　　Suite 210
　　　　Narberth, PA 19072
　　　　(215) 964-4410
　　　　Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 6, 2021