**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW REYNOLDS | : |
| | : |
| Plaintiff, | : Civil Action No. 5:21-cv-01208-JFL |
| | : |
| v. | : |
| | : |
| WILLERT MFG. CO., LLC | : |
| | : |
| Defendant. | : |

**DEFENDANT WILLERT MANUFACTURING COMPANY, LLC'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted this 7th day of September, 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: */s/ Eileen Monaghan Ficaro*
Gregory S. Hyman, Esquire
Eileen Monaghan Ficaro, Esquire
*Attorneys for Defendant,*
*Willert Manufacturing Company, LLC*

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ames v. Commissioner of Motor Vehicles*,
  267 Conn. 524, 839 A.2d 1250 (2004) ........................................................................ 10

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ....................................................................................................... 5

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) .................................................................................................. 4, 5

Chatham Communications, Inc. v. General Press Corp.,
  463 Pa. 292, 344 A.2d 837, 344 A.2d 837 (1975) ....................................................... 7

Clark County Sch. Dist. v. Breeden,
  532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) ............................................. 6

Corace v. Balint,
  418 Pa. 262, 210 A.3d 882 (1965) ............................................................................... 7

Franklin Music Co. v. Am. Broad. Cos.,
  616 F.2d 528 (3d Cir. 1979) ....................................................................................... 11

Gass v. 52nd Jud. Dist., Lebanon Cty.,
  232 A.3d 706 .............................................................................................................. 10

Hoy v. Angelone,
  720 A.2d 745 (Pa. 1998) ........................................................................................ 8, 9

Hoy,
  720 A.2d ....................................................................................................................... 9

In re Kling,
  433 Pa. 118, 249 A.2d 552 (1969) ............................................................................... 7

Lang v. Adecco USA, Inc.,
  2020 WL 4260767 (M.D. Pa. July 24, 2020) ............................................................. 8

Merlino v. Delaware Cty.,
  556 Pa. 422, 728 A.2d 949 (1999) ........................................................................ 7, 8

Noffsinger v. SSC Niantic Operating Co., LLC,
  338 F.Supp.3d 78 (D. Conn. 2018) ....................................................................... 9, 10

Palmiter v. Commonwealth Health Systems,
  2021 PA Super 159 (Aug. 10, 2021) .................................................................. 5, 6, 10

Pittsburgh Outdoor Advert. Co. v. Va. Manor Apartments, Inc.,
  260 A.2d 801 (1970) ................................................................................................... 10

Power v. Lockheed Martin Corp.,
  419 F. Supp. 3d 878 (E.D. Pa. 2020) .......................................................................... 7

Shapiro v. Magaziner,
  418 Pa. 278, 210 A.2d 890 (1965) ............................................................................... 7

*Tomick v. United Parcel Serv., Inc.*,
  324 Conn. 470, 153 A.3d 615 (2016) .................................................................... 9, 10

Warfield v. SEPTA,
  460 F. App'x 127 (3d Cir. 2012) ................................................................................. 6

Watson v. Pennsylvania, Dept's of Revenue,
  854 F. App'x 440 (3d Cir. 2021) ................................................................................. 6

**Statutes**

42 Pa. Stat. and Cons. Stat. Ann. § 2503 (West) ..................................................................... 7

**Rules**

Federal Rule of Civil Procedure 56 ............................................................................................ 4

**Other Authorities**

1 Summ. Pa. Jur.2d Torts § 12:77 (2d ed.) ................................................................................ 7

Defendant Willert Manufacturing Company, LLC ("Willert"), by and through its counsel, Kaufman Dolowich & Voluck, LLP, hereby files this Brief in support of its Motion for Summary Judgment.

## I. INTRODUCTION

Plaintiff asserts one cause of action against Willert – wrongful termination in violation of the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101 – 10231.2110. Specifically, Plaintiff alleges that Willert terminated him because he was a medical marijuana patient. However, no one from Willert knew that Plaintiff was a medical marijuana patient before the decision to terminate Plaintiff was made or communicated to Plaintiff, and Plaintiff admits that he did not first tell anyone from Willert that he was a medical marijuana patient until *after* Willert communicated to him that he was terminated. Considering that Willert had no knowledge of Plaintiff's alleged status as a patient certified to use medical marijuana before it terminated him, Plaintiff cannot establish that Willert terminated or retaliated against him on the basis of his alleged status as an individual certified to use medical marijuana in violation of the MMA. Willert, therefore, now moves for summary judgment due to Plaintiff's inability to establish this essential element of an MMA claim. Willert further seeks summary judgment with regard to Plaintiff's claims for attorney's fees and costs and punitive damages because there is no legal basis for such damages under the MMA.

## II. STATEMENT OF FACTS

Willert incorporates by reference its Statement of Undisputed Material Facts, which is being filed contemporaneously with this Motion.

4

### III. STATEMENT OF QUESTIONS INVOLVED

1. Should summary judgment be granted in favor of Willert with regard to Plaintiff's MMA claim since Plaintiff cannot establish that Willert terminated Plaintiff on the basis of his alleged status as an individual certified to use medical marijuana?

*Suggested Answer:   Yes.*

2. Should summary judgment be granted in favor of Willert with regard to Plaintiff's claims for attorney's fees and costs and punitive damages since there is no legal basis for such damages under the MMA?

*Suggested Answer:   Yes.*

### IV. ARGUMENT

#### A. Standard of Review

Federal Rule of Civil Procedure 56 mandates the entry of judgment against a party who fails to offer admissible evidence sufficient to establish the existence of every element essential to that party's case and on which that party bears the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 327 (1986) (noting also that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'") (citation omitted). Once a moving party demonstrates a lack of evidence to support the non-moving party's claims, the non-moving party is required to present competent evidence that shows a genuine issue for trial. Id. at 324. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Rather, a dispute must exist over a material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A non-moving party with the burden of proof cannot avert summary judgment with speculation or

by resting on the allegations in her pleadings, but rather must present competent evidence from which a jury could reasonably find in his favor. See id. Thus, Plaintiff is required to put forward affirmative proof of his claim, which he fails to do here. Because there is no genuine issue of material fact and for the reasons set forth below, summary judgment in favor of Willert is appropriate.

**B. Plaintiff's MMA Claim Should Be Dismissed Since Willert Did Not Terminate or Otherwise Discriminate or Retaliate Against Plaintiff Solely on the Basis of Plaintiff's Status as an Individual Certified to Use Medical Marijuana.**

Section 2103(b)(1) of the MMA provides that

> [n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against any employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana.

35 P.S. § 10231.2103(b)(1) (emphasis added).

The Superior Court of Pennsylvania only just recently acknowledged an employee's private right of action under the MMA. In Palmiter v. Commonwealth Health Systems, the Superior Court of Pennsylvania held that an employee could maintain a private right of action for alleged discrimination in violation of the MMA. See Palmiter v. Commonwealth Health Systems, 2021 PA Super 159 (Aug. 10, 2021).

Neither the Palmiter Court nor any other court in Pennsylvania has set forth the elements a plaintiff must establish to prove an MMA case. See Palmiter, 2021 PA Super 159. The plain language of Section 2103(b)(1) of the MMA, however, suggests that there must be a causal connection between an alleged adverse employment action and the plaintiff's status as an individual who is certified to use medical marijuana. Such connection is lacking here.

Plaintiff argues that Willert discriminated against him in violation of the MMA when it terminated him. See Ex. A, Pl.'s Compl. at 23-26. However, no one from Willert knew that

6

Plaintiff was a medical marijuana patient before the decision to terminate Plaintiff was made. See Def.'s Statement of Undisputed Material Facts ("Def.'s Statement") at ¶ 84. Plaintiff was advised in the letter sent to him by Willert offering him the Maintenance Manager position that his employment with Willert was contingent upon his successful completion of a drug screen. See Def.'s Statement at ¶ 74. Yet, Plaintiff did not tell anyone from Willert that he was a medical marijuana patient until *after* he was terminated. Id. at ¶¶ 80, 82, d

Since no one from Willert knew that Plaintiff was a medical marijuana patient before he was terminated, Willert's termination of Plaintiff could not have been based on Plaintiff's alleged status as an individual certified to use medical marijuana. Plaintiff's admission that no one from Willert knew that he was a medical marijuana patient before he was terminated renders him incapable of establishing the causation element of his MMA claim. See Watson v. Pennsylvania, Dept's of Revenue, 854 F. App'x 440, 443 (3d Cir. 2021) ("Without *any* evidence of the decisionmaker's knowledge of [the plaintiff's] protected conduct, [the plaintiff] cannot establish a casual connection between the protected activity and his termination."); Warfield v. SEPTA, 460 F. App'x 127, 132 (3d Cir. 2012) ("Knowledge of an employee's protected conduct is an essential element of establishing a causal connection.") (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)); 1 Summ. Pa. Jur.2d Torts § 12:77 (2d ed.) ("An employee cannot establish a causal connection between the employee's protected activity and the employer's adverse employment action, as element for *prima facie* case of retaliation in violation of the [PHRA] without some evidence that the individuals responsible for the adverse action knew of the employee's protected conduct at the time they acted.") (citing Power v. Lockheed Martin Corp., 419 F. Supp. 3d 878, 898 (E.D. Pa. 2020)). Because Plaintiff cannot

7

establish this essential element of an MMA claim, summary judgment in favor of Willert is warranted.

### C. Plaintiff's Claims for Attorney's Fees and Costs and Punitive Damages Should Be Dismissed Because There is No Legal Support for Such Damages under the MMA.

#### 1. The MMA Does not Provide a Right to Recover Attorney's Fees and Costs.

Pennsylvania courts have "consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception." Merlino v. Delaware Cty., 556 Pa. 422, 425, 728 A.2d 949, 951 (1999) (citing Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 300-01, 344 A.2d 837, 344 A.2d 837, 842 (1975) (quoting Corace v. Balint, 418 Pa. 262, 271, 210 A.3d 882, 886-87 (1965)); In re Kling, 433 Pa. 118, 121, 249 A.2d 552, 554 (1969); Shapiro v. Magaziner, 418 Pa. 278, 280, 210 A.2d 890, 892 (1965). See also, 42 Pa. Stat. and Cons. Stat. Ann. § 2503 (West) (providing that "a litigant is entitled to attorneys' fees as part of the taxable costs, only in circumstances specified by statute heretofore or hereafter enacted"). In Merlino, the Supreme Court of Pennsylvania addressed the question of "whether prevailing citizens in an action under the Storm Water Management Act, 32 P.S. §§ 680.1-680.17 (the "Act"), may recover counsel fees pursuant to Section 15(b) of the Act, which allows for an award of 'the expense of such proceedings' against a violator." Merlino, 418 Pa. at 423. In holding that they could not, the Court explained that "a statutory provision must be explicit in order to allow for the recovery of this particular form of expense." Id. at 426. The Court further noted that "[t]he General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other remedial enactments, and had it intended to permit such recovery pursuant to the terms of Section 15(b), could have done so in the Act." Id. (citations omitted). "In the absence of such express statutory authorization," the Court held that the term

"expense" in Section 15(b) was "insufficient to constitute a basis for the award of attorneys' fees under the Act." Id.

Here, there is no express statutory authorization for the recovery of attorney's fees by Plaintiff. The MMA is silent as to the availability of attorney's fees. See Lang v. Adecco USA, Inc., Civ. Act. No. 3:20-CV-44, 2020 WL 4260767, *3 (M.D. Pa. July 24, 2020) (failing to consider potential attorney's fees in the calculation of the jurisdictional threshold for diversity jurisdiction since the MMA is silent as to the availability of attorney's fees and there was no case law authorizing attorneys' fees for the plaintiff's other common law claims). In the absence of express statutory authorization, attorneys' fees are not recoverable in this action and Willert is entitled to summary judgment with regard to any claim by Plaintiff for attorney's fees and costs.

### 2. **Punitive damages are not recoverable in this action.**

The MMA is also silent as to a plaintiff's ability to recover punitive damages and no Pennsylvania court has held that a plaintiff is entitled to recover punitive damages under the MMA.

When considering whether punitive damages are recoverable for violation of the Pennsylvania Human Relations Act (the "PHRA"), the Supreme Court of Pennsylvania found silence as to the availability of punitive damages significant. See Hoy v. Angelone, 720 A.2d 745 (Pa. 1998). In Hoy, the Court held that punitive damages are not recoverable under the PHRA. See Hoy, 720 A.2d at 140. The Court began with analysis of the language of the PHRA. Id. The Court noted that:

> . . . our Legislature was free to provide for punitive damages under the Act. Indeed, even a cursory survey of other statutory enactments by our Legislature makes clear that it knew how to provide for punitive damages in clear and unambiguous terms. Thus, as a starting point, it is reasonable to infer that the General Assembly's use of specific language to permit the award of punitive damages in numerous statutes reflects an intention to allow such a remedy only when expressly provided for.

9

Hoy, 554 Pa. at 140-141.

The Court further reasoned that punitive damages were not consistent with the remedial purposes of the PHRA and were not "a make-whole remedy." Id. at 142. The Court noted that punitive damages "are not awarded as an additional compensation but are purely penal in nature" and are "inconsistent with redressing injury." Id. (citation omitted). The Court ultimately concluded that "[i]n the absence of express statutory language or any further legislative guidance, we hold that punitive damages are not recoverable under the [PHRA]." Id. at 146.

One of the cases on which the Palmiter court relied is instructive with regard to the question of the recovery of punitive damages. Specifically, in Noffsinger v. SSC Niantic Operating Co., LLC, 338 F.Supp.3d 78, 81 (D. Conn. 2018), the Noffsinger Court granted summary judgment in favor of the defendant with regard to the plaintiff's request for attorney's fees and punitive damages for violation of the Connecticut Palliative Use of Marijuana Act ("PUMA"). Noffsinger, 338 F.Supp.3d at 87. The Court reasoned:

> The Connecticut Supreme Court has held that absent a clear statutory provision granting attorney's fees, a court may not award such fees "because allowing such damages would be in derogation of the common-law American Rule that, absent a contractual or statutory exception, attorney's fees are not allowed to the successful party." *Tomick v. United Parcel Serv., Inc.*, 324 Conn. 470, 480, 153 A.3d 615 (2016) (citing *Ames v. Commissioner of Motor Vehicles*, 267 Conn. 524, 532–33, 839 A.2d 1250 (2004) ). The Connecticut Supreme Court extended this logic to punitive damages and concluded that "in the absence of express authority for such damages or significant extratextual evidence" a court should decline to imply punitive damages as a remedy under a statute that does not expressly provide for such damages. *Id.* at 481 n.14, 153 A.3d 615. In light of the fact that PUMA does not expressly provide for attorney's fees or punitive damages and in the absence of any other evidence that the Connecticut legislature intended to provide such a remedy, I decline to imply these remedies under the statute. Accordingly, I will grant defendant's motion for summary judgment

> as to plaintiff's request for attorney's fees and punitive damages for her PUMA cause of action.

Id. at 86-87.

Additionally, like the PHRA, the Supreme Court of Pennsylvania has characterized the MMA as "remedial in nature." See Palmiter, No. 498 MDA 2020, 2021 WL 3507795, *4 (Pa. Aug. 10, 2021) (citing Gass v. 52nd Jud. Dist., Lebanon Cty., 232 A.3d 706, 713, n. 6 (Pa. 2020)). Consistent with the Court's rationale in Hoy, punitive damages are inconsistent with the remedial purposes of the MMA.

Had the Legislature intended for a plaintiff to be able to recover punitive damages under the MMA, it could have expressly stated that. The fact that it did not is insignificant and indicates that the MMA does not provide for such damages.

Even if the MMA did provide for punitive damages (which it does not), the facts here do not support an award of punitive damages. Under Pennsylvania law, punitive damages should be awarded only when Defendant engages in willful, malicious, wanton, reckless or oppressive conduct. Pittsburgh Outdoor Advert. Co. v. Va. Manor Apartments, Inc., 260 A.2d 801, 803 (1970). When determining whether alleged conduct warrants the imposition of punitive damages, courts consider the act itself, together with all circumstances, including the motive of the wrongdoer, and the relations for the parties. Pittsburgh Outdoor Advert. Co., 260 A.2d at 803. Courts also look for evidence of aggravated conduct involving bad motive or reckless indifference. Franklin Music Co. v. Am. Broad. Cos., 616 F.2d 528, 542 (3d Cir. 1979).

Plaintiff lacks any evidence that Willert engage in willful, malicious, wanton, reckless, or oppressive conduct to support an award of punitive damages. For all of the reasons set forth above, Willert is entitled to summary judgment with regard to Plaintiff's claim for punitive damages.

## V.     CONCLUSION

For the reasons set forth above and in the accompanying Motion, Plaintiff cannot establish an MMA claim against Willert.  Willert, therefore, respectfully requests that the Court enter an Order in the form submitted, dismissing Plaintiff's MMA claim against Willert with prejudice.

Respectfully submitted this 7th day of September, 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By:     */s/ Eileen Monaghan Ficaro*
          Gregory S. Hyman, Esquire
          Eileen Monaghan Ficaro, Esquire
          *Attorneys for Defendant,*
          *Willert Manufacturing Company, LLC*