IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW REYNOLDS,  ) <br>     Plaintiff;  ) <br> ) <br> vs.  ) <br> ) <br> WILLERT MFG. CO., LLC,  ) <br>     Defendant.  ) | CIVIL ACTION <br><br> No.: 5:21-cv-01208 <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

 

**LAW OFFICE OF STEVEN T. AUERBACH**

Filed on behalf of Plaintiff:
MATTHEW REYNOLDS

Attorney of Record for this Party:
Steven Auerbach, Esquire
Law Office of Steven T. Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
Ph: (215) 964-4410
Fax: (610) 667-7305
Auerbach.Steven@gmail.com
Pa. I.D. #317309

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION........................................................................................................... 1

COUNTER STATEMENT OF UNDISPUTED MATERIAL FACTS ...................... 2

    a. Factual Background ........................................................................................... 2

        1. Willert's Deliberate Indifference to PMMA Rights ................................ 2

        2. Background of Plaintiff's Claims ............................................................ 3

        3. Willert's Agent Had Knowledge of Plaintiff's Protected Status ............. 3

        4. Willert's Had Actual Pre-Ratification Knowledge of Plaintiff's Protected Status .4

LEGAL ARGUMENT .................................................................................................... 5

    1. Willert's Motion for Summary Judgment Must Be Denied ............................. 5

        a. Willert Had Imputed Knowledge of Plaintiff's Protected Status Before the Termination Recommendation ................................................................. 5

        b. Willert Had Actual Knowledge of Plaintiff's Protected Status Before it Ratified the Termination ................................................................................. 6

    2. PMMA remedies ............................................................................................... 6

        a. Plaintiff Does Not Oppose Dismissal of His Claim for Attorney's Fees ............ 6

        b. Prevailing Party Costs are Available Under Fed. R. Civ. P. 54(d) .................... 6

        c. Punitive Damages are Available Under the PMMA ........................................ 7

CONCLUSION ............................................................................................................... 8

CERTIFICATE OF SERVICE .................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Am. Sur. Co. v. Pauly*,
    18 S. Ct. 552 (1898) .................................................................................... 5

*Att Co. Winback and Conserve Program, Inc.*,
    42 F.2d 1421 (3d Cir. 1994) ........................................................................ 5

*Bates v. Dura Auto. Sys., Inc.*,
    PICS Case No. 11-6088 (6th Cir. 2014) ...................................................... 6

*Buchanan v. Reliance Ins. Co.*,
    PICS Case No. 04-4351 (3d Cir. 2007) ....................................................... 5

*Fields v. Philadelphia Elec. Co.*,
    565 A.2d 1170 (Pa. Super. 1988) ................................................................ 2

*G.L.D. v. Johnson*,
    713 A.2d 1127 (1998) .................................................................................. 7

*Higgins v. Shenango Pottery Co.*,
    256 F.2d 504 (3d Cir. 1958) ........................................................................ 5

*Hoy v. Angelone*,
    720 A.2d 745 (Pa. 1998) .............................................................................. 7

*Klein v. Weidner*,
    PICS Case No. 10-3218 (3d Cir. 2013) ....................................................... 7

*Kolstad v. Am Dental Assoc.*,
    572 U.S. 526 (1998) ..................................................................................... 8

*Laidacker v. Berwick Offray, LLC.*,
    2020 WL 3410881 (Pa. Com. Pl. Columbia Cnty. January 2, 2020) ...... 2, 7

*Martin Marietta Corp v. Gould, Inc.*,
    70 F.3d 768 (4th Cir. 1995) ......................................................................... 5

*Warshaw v. Concentra Health Services, et al.*,
    PICS Case No. 07-1994 (E.D. Pa. 2010) .................................................... 5

**Publications**

Aleeza Furman, After 'Palmiter,' Medical Marijuana Law Still Largely Unclear: Attorneys, Pennsylvania Law Weekly, **Sep. 7, 2021** ....................................................................... 3

**Rules**

Fed. R. Civ. P. 54(d) ............................................................................................. 6

**Statutes**

the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq* ("PHRA") ............................... 7

the Pennsylvania Medical Marijana Act, 35 P.S. § 10231 *et seq* ("PMMA") ................. *passim*

Act of June 30, 2021, P.L. 210, No. 44 *et seq* ("PMMA Omnibus Amendments") .......... *passim*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW REYNOLDS, )<br>Plaintiff; )<br>)<br>vs. )<br>)<br>WILLERT MFG. CO., LLC, )<br>Defendant. ) | CIVIL ACTION<br><br>No.: 5:21-cv-01208<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Willert argues that it's entitled to summary judgment on all claims because it's allegedly undisputed that Plaintiff "did not tell anyone from Willert that he was a medical mariuana patient until after Willert communicated to him that he was terminated." (Doc. 29-1, Def's. Mem., p. 4 of 12). In effect, Willert claims that it didn't have notice of Plaintiff's PMMA-protected status until after it had made an irreversible decision to affect his employment.

This claim is blatantly false and ignores Willert's actual, constructive, and imputed knowledge that it had of Plaintiff's protected status prior to its ratification of the termination.

Further, this claim and its governing theory (if adopted) would force an overly-restrictive interpretation of the PMMA and would free subsequent employers to fire their status-qualifying-patient-employees based on their actual "off-the-clock" use of medical marijuana-- the very purpose for which these individuals have sought and obtained qualified patient statuses under the law.

Separately Willert argues that some of the remedies demanded by Plaintiff are unavailable under the PMMA: specifically, attorney's fees, costs, and punitive damages. (Doc. 29-1, Def's. Mem., pp. 8,9 of 12).

Plaintiff concedes that attorney's fees are unavailable under the PMMA and, therefore, does not contest the dismissal of this claim. However, non-attorney's-fees-costs are plainly available to the prevailing party of this action under Fed. R. Civ. P. 54(d). Additionally, punitive damages are also available where, as here, a defendant willfully flaunts statutory protections. *See e.g.*, *Fields v. Philadelphia Elec. Co.*, 388 Pa. Super. 400, 565 A.2d 1170 (Pa. Super. 1988); *see also*, *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881, at *4-8 (Pa. Com. Pl. Columbia Cnty. January 2, 2020)(punitive damages **are available** under the PMMA).

## II. Counter Statement of Undisputed Material Facts

Pursuant to this Court's Policies and Procedures, Plaintiff has filed a Counter Statement of Undisputed Material Facts and supporting Exhibits ("CSOF") contemporaneously with this Memorandum. Plaintiff incorporates the CSOF as if set forth fully herein.

### a. Factual Background

Plaintiff briefly summarizes the facts of this case.

### 1. Willert is Deliberately Indifferent to the Rights of Medical Marijuana Patients

Willert produces consumer packaged goods, employs 250 individuals, and has three (3) United States facilities. CSOF ¶¶ 1-2. All of Willert's facilities (100% of its US operations) are located in states that have medical marijuana laws. CSOF ¶ 4.

Notwithstanding this fact, Willert does not employ any known medical marijuana patients, does not have any policies to ensure equal employment opportunities for medical marijuana patients, and does not provide training or supervision of its plant managers to prevent medical marijuana patient discrimination. CSOF ¶¶ 5, 17-19.

Currently, Willert has a pre-hire, zero-tolerance drug policy. CSOF ¶ 13[1]. This policy has deliberately not been updated since Pennsylvania (or any of the other states in which Willert operates) legalized marijuana for medical purposes. CSOF ¶ 14.

In 2019 (one year before Plaintiff's termination), Willert was aware that this policy needed to be updated. However, Willert chose to prioritize other concerns instead of making its policies and practices lawful. CSOF ¶ 15.

### 2. Background of Plaintiff's Claim

Plaintiff was briefly employed as a maintenance manager at Willert's Douglassville, Pennsylvania location from October 16, 2020 through November 5, 2020. CSOF ¶ 6. Willert does not dispute that during this period Plaintiff was a valid medical marijuana patient, that he was never "high" at work, and that he was recommended for termination immediately after THC metabolites were detected on his required pre-employment drug test. CSOF ¶¶ 23, 31, 40, 42.

### 3. Willert's Agents Had Knowledge of Plaintiff's Protected Status

Willert retained Occupational Health Pottstown Hospital ("Pottstown Hospital") to perform a mandatory, pre-employment drug test of Plaintiff on October 28, 2020. CSOF ¶¶ 32-33. Plaintiff reported to this location as required, disclosed that he was a medical marijuana patient to the attendant, and then presented his Patient Identification Card. CSOF ¶ 34. The attendant acknowledged Plaintiff's disclosure and told him that it wouldn't be a problem and that she would give him a call if there were any questions. CSOF ¶ 35.

---

[1] This is, itself, a violation of the PMMA. *see* Aleeza Furman, After 'Palmiter,' Medical Marijuana Law Still Largely Unclear: Attorneys, Pennsylvania Law Weekly, Sep. 7, 2021 ("Broadly speaking, employers in Pennsylvania can no longer enforce zero-tolerance drug policies if they employ medical marijuana patients . . . Employers can still test for drugs but must take care in how they respond to medical marijuana users testing positive for cannabis[.]")
As Plaintiff has requested declaratory relief in his Complaint, Willert's violation of the PMMA may serve as an independent basis to deny Willert's Motion. 42 Pa. Cons. Stat. Ann. § 7537.

After taking the test, and on November 3, 2020, Plaintiff then received a call from a medical review officer asking for his comment as to why he had tested positive for THC. For the second time, Plaintiff stated that he was a medical marijuana patient. CSOF ¶ 37.

Both Willert and Plaintiff anticipated that Plaintiff's disclosures would have resulted in a reported "negative" for THC as the presence of THC was the natural consequence of his lawful use of prescription medicine. CSOF ¶¶ 38-39. Sadly, the medical review officer that Willert used did not report Plaintiff as being negative for THC. When Plaintiff's manager, Jack Bonsky, became aware of these results, he recommended him for termination. CSOF ¶ 40.

### 4. Willert Had Actual Knowledge of Plaintiff's Protected Status Before Ratifying Its Termination Decision

On November 5, 2021, Jack Bonsky called Plaintiff to read the contents of a termination letter that indicated that Plaintiff was being fired because he had not passed the drug test. CSOF ¶ 43. In response, Plaintiff informed Mr. Bonsky that he was a medical marijuana patient and pleaded for Willert to reconsider this decision. CSOF ¶ 44.

Nothing prevented Willert from revoking its initial termination decision. CSOF ¶ 48. In fact, and in response to Plaintiff's disclosure, Mr. Bonsky indicated that he would see if this "could somehow change something" with Willert's Human Resources Manager. CSOF ¶ 45.

Mr. Bonsky then spoke to Tammy Gillette, Willert's Human Resources Manager, and shared that Plaintiff was a medical marijuana patient. In response, Ms. Gillette volunteered that "this doesn't make any difference." CSOF ¶ 46.

The initial termination decision was thereby ratified and Plaintiff was then informed as to the finality of Willert's decision. CSOF ¶ 47. Thus, Willert finalized this decision after it had been directly notified of Plaintiff's protected status.

### III. Legal Argument

#### 1. Willert's Motion for Summary Judgment Must Be Denied

##### a. Willert had Imputed Knowledge of Plaintiff's Protected Status Before the Termination Recommendation

Willert retained Pottstown Hospital to test Plaintiff for illegal drug use, to confirm his results, and to report its findings in such a way that would not lead to an erroneous perception of the illegal use of drugs. In the course of this retention, Pottstown Hospital, twice learned of Plaintiff's protected status.

"Where an agent receives notice, that notice is imputed to the principal." *Am. Sur. Co. v. Pauly*, 170 U.S. 133, 153, 18 S. Ct. 552, 42 L. Ed. 977 (1898)("It is the rule that the knowledge of the agent is the knowledge of his principal, and notice to the agent of the existence of material facts is notice thereof to the principal, who is taken to know everything about a transaction which his agent in it knows."). *See also, Martin Marietta Corp v. Gould, Inc.*, 70 F.3d 768, 773 n.4 (4th Cir. 1995)(stating that "the knowledge imputed to the principal is considered actual knowledge, not constructive"; *Higgins v. Shenango Pottery Co.*, 256 F.2d 504, 509 (3d Cir. 1958); *Buchanan v. Reliance Ins. Co.*, PICS Case No. 04-4351 (3d Cir. 2007).

Thus, under the principles of agency or apparent agency, Pottstown Hospital's knowledge is imputed onto Willert such that it had knowledge of Plaintiff's protected status prior to the initial termination recommendation. *See Att Co. Winback and Conserve Program, Inc.*, 42 F.2d 1421 (3d Cir. 1994). This is especially true as Pottstown Hospital was under a duty of care to Plaintiff with regard to the processing and reporting of his drug test results. *Warshaw v. Concentra Health Services, et al.*, PICS Case No. 07-1994 (E.D. Pa. 2010)(Imposing a duty of care on a drug testing company to prevent the erroneous perception of the illegal use of drugs).

To not impute Pottstown Hospital's knowledge onto Willert would be to allow employers to feign ignorance as it hires third parties to discriminate on its behalf. *See Bates v. Dura Auto. Sys., Inc.*, PICS Case No. 11-6088 (6th Cir. 2014)(quoting 42 U.S.C. § 12112(b)(2) which prohibits employers from "participating in a contractual . . . relationship that has the effect of subjecting a[n] . . . employee with a disability to the discrimination prohibited by this subchapter").

### b. Willert had Actual Knowledge of Plaintiff's Protected Status Before it Ratified the Termination

In response to learning directly from Plaintiff that he was a medical marijuana patient, Willert took additional measures from which a reasonable jury could conclude that the initial termination conversation was not final or non-reviewable. As a jury may reasonably conclude that Willert had notice of Plaintiff's protected status before ratifying the previously recommended termination, Willert's Motion for Summary Judgment must be denied.

### 2. Remedies Available Under the PMMA

#### a. Plaintiff's Claim for Attorney's Fees May be Dismissed

As referenced above, Plaintiff does not oppose the dismissal of its claim for attorney's fees under the PMMA.

#### b. The Prevailing Party is Entitled to Costs

Without the citation of authority or development of an argument, Willert states that Plaintiff does not have a right to recover costs. (Doc. 29-1, Def's. Mem., pp. 8-9 of 12).

By removing this matter to the Eastern District of Pennsylvania, Willert has assented to the Federal Rules of Civil Procedure in general and to Fed. R. Civ. P. 54(d) in particular. As such, and absent a settlement to the contrary, the prevailing party is entitled to file a Bill of Costs at the conclusion of this matter. Plaintiff will not further belabor this point.

### c. Plaintiff is Entitled to Punitive Damages

Despite citation to the contrary[2], Willert states, "[N]o Pennsylvania court has held that a plaintiff is entitled to recover punitive damages under the [P]MMA." (Doc. 29-1, Def's. Mem., p. 9 of 12). As this Court is undoubtedly aware, *Laidacker v. Berwick Offray, LLC.*, 2020 WL 3410881 (Pa. Com. Pl. Columbia Cnty. January 2, 2020) has addressed this issue in favor of permitting punitive damages in a PMMA action. This persuasive authority may assist this Court in predicting that the Pennsylvania Supreme Court would provide punitive damages in PMMA actions.

Willert inappositely attempts to analogize the PMMA with the PHRA, an antidiscrimination statute that does not provide for punitive damages. *Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998)[3]

The PMMA differs, however, in an important--and ultimately dispositive-- way from the PHRA: the PMMA does not have an explicit "make-whole measure" (i.e. reinstatement and backpay) which is characteristic of remedial statutes. *See id*, (the PHRA is not punitive in nature primarily because of its explicit § 962(c)(3) "make-whole measures").

The facts of this case against Willert provide further support for the availability of punitive damages and, more broadly, for why punitive damages exist in the first place. Punitive damages are not awarded as an additional compensation, but are purely penal in nature and serve to deter unlawful conduct. *G.L.D. v. Johnson*, 713 A.2d 1127, 1998 Pa. Lexis 1275 (1998).

---

[2] *See* Doc. 27, Pl's. Mem., pp. 8, 10 of 30 where *Laidacker* is prominently cited. Willert makes no effort to distinguish *Laidacker*.

[3] *See Klein v. Weidner*, PICS Case No. 10-3218 (3d Cir. 2013)(notwithstanding *Hoy*, the Third Circuit has predicted that the Pennsylvania Supreme Court would or has permitted punitive damages in PUFTA, equitable, domestic-relations, and fraud actions).

Under Title VII, a comparable antidiscrimination statute which provides for punitive damages, an employer may avoid the imposition of punitive damages when it evidences a good-faith effort to comply with the statute. *Kolstad v. Am Dental Assoc.*, 572 U.S. 526, 144 L. Ed. 2d 494, 119 S. Ct. 2118 (1998)(An employer's institution of an anti-discrimination policy and corresponding good-faith effort to train its employees about the importance of avoiding discrimination is sufficient to avoid punitive damages).

The facts in this case are not in dispute: Willert does not have a policy against medical marijuana patient discrimination and does not train (or even supervise) its employees on medical marijuana patient discrimination.

This is not "gotcha" litigation involving a statute that was recently enacted against an unsophisticated, small employer. The PMMA was signed into law nearly five and half (5.5) years ago and Willert has chosen (despite actual knowledge of the need to do so) against bringing its actions and policies into lawful compliance.

This is reprehensible conduct worthy of censure.

IV. **CONCLUSION**

For the reasons articulated above, Plaintiff respectfully requests that this Court dismiss Plaintiff's claim for attorney's fees, but deny Willert's Motion for Summary Judgment in all other respects.

**LAW OFFICE OF STEVEN T. AUERBACH**

By: */s/ Steven T. Auerbach*
Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 27, 2021

**Law Office of Steven T. Auerbach**
Steven Auerbach, Esquire
PA Bar Identification No.: 317309      *Attorney for Plaintiff, Matthew Reynolds*
822 Montgomery Ave., Suite 210
Narberth, PA. 19072

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW REYNOLDS,<br>    Plaintiff; | No.: 5:21-cv-01208 |
| vs. | **CERTIFICATE OF SERVICE** |
| WILLERT MFG. CO., LLC,<br>    <u>Defendant.</u> | |

    I, Steven Auerbach, Esquire, hereby certify that on September 27, 2021 I served the foregoing Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment upon counsel for Defendant via ECF and as follows:

To:    Eileen Ficaro, Esq.
        Kaufman Dolowich & Voluck LLP
        930 Harvest Drive
        Suite 420
        Blue Bell, PA 19422
        eficaro@kdvlaw.com

**LAW OFFICE OF STEVEN T. AUERBACH**

By:   <u>*/s/ Steven T. Auerbach*</u>
       Steven T. Auerbach, Esq.
       822 Montgomery Ave.
       Suite 210
       Narberth, PA 19072
       (215) 964-4410
       Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: September 27, 2021